464 So.2d 620 (1985)
Ernesto BANZO, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1130.
District Court of Appeal of Florida, Second District.
February 27, 1985.
Norman S. Cannella of Norman S. Cannella, P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
*621 LOGAN, PAUL E., Associate Judge.
This is an appeal from a sentence imposed by the trial court after a plea of guilty. We reverse the sentence.
Appellant was charged by information with trafficking in cocaine in an amount of two hundred (200) grams or more, but less than four hundred (400) grams. Appellant entered a guilty plea and affirmatively elected to be sentenced under the sentencing guidelines. After a pre-sentence investigation and guidelines scoresheet were completed, a sentencing hearing was held on April 27, 1984. Both the pre-sentence investigation and the guidelines scoresheet recommended a sentence of from three and one-half to four and one-half years. Both parties agreed that the minimum mandatory sentence of five years would take precedence over the recommended guideline sentence.
The trial court chose to depart from the recommended guideline sentence and imposed the maximum sentence allowed by finding:
THE COURT: Okay. You object. You want me to follow the guidelines. I am not following them. I am going to sentence him the maximum, compelling reasons being: Number one, the facts speak for themselves. This is no penny ante deal, just buying nickel-dime baggies, since you can get $40,000 for a kilo. That is one of the compelling reasons, the amount and the value, for me to go outside the guidelines and sentence the maximum sentence. The second reason which I consider as compelling a reason to go outside of the guidelines as I can possibly think of  I want that in the order  that he has not cooperated with law enforcement. We do not know the source of these drugs. He had the opportunity to do so and did not do so. I make an adjudication of guilt. Other than the fact that you object to me going outside the guidelines, can you show cause why sentence should not be pronounced at this time?
MR. CANELLA: No legal cause, Judge, Your Honor.
THE COURT: It's the judgment, order and sentence of this Court that the defendant be confined in the Florida State Prison for thirty years, minimum mandatory five. Thirty years maximum, five-year minimum mandatory.
The written order setting forth the trial court's reasons for departure from the sentencing guidelines states:
1. The Defendant engaged in and pled guilty to a very serious offense. The defendant delivered approximately 1,000 grams of cocaine to undercover detectives in exchange for a purported sale price of $44,000.
2. Since his arrest and the date on which he entered his plea of guilty, the defendant has failed to cooperate with law enforcement officers and the State of Florida in the identification of those persons who he knew to be involved in this offense.
Appellant's motion to correct illegal sentence was denied.
We first address whether the Appellant's possession or delivery of 1,000 grams of cocaine was a proper basis for departure. The sentencing guideline rule in effect at the time Appellant was sentenced stated, in part, as follows:
Departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. .. . Reasons for deviating from the guidelines shall not include factors relating to ... instant offense... for which convictions have not been obtained.
Fla.R.Crim.P. 3.701(d)(11)
In the instant case Appellant was never charged with trafficking in cocaine in excess of 400 grams nor was he charged with delivery of 1,000 grams of cocaine. Other than the quantity of cocaine and the sale price, there is no evidence in the record that Appellant was a big-time drug dealer as the trial court seems to suggest. Charges arising from the same criminal episode which are not filed cannot be used *622 as reasons for departure. See Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984). The trial court did what is prohibited by the rule, namely he considered crimes for which no convictions were obtained.
As to the second reason given by the trial judge, we hold that Appellant's failure to cooperate with law enforcement officers is an insufficient legal reason for departure. Although cooperation can be grounds for reducing or suspending a sentence, see section 893.135(3), Florida Statutes (1983), we have been shown no legal obligation of a defendant to cooperate under the circumstances of this case.
The judgment of guilt is AFFIRMED; however, since no clear and convincing legal reasons existed for departure from the required sentence, the sentence is REVERSED and set aside and the matter is REMANDED for resentencing in accordance with this opinion.
GRIMES, A.C.J., and LEHAN, J., concur.