468 So.2d 484 (1985)
Valerie TRAINOR, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-2008, 84-2009.
District Court of Appeal of Florida, Second District.
May 8, 1985.
*485 David T. Weisbrod, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
In these consolidated cases, defendant appeals from her convictions and sentencing for delivery of cocaine and possession of cocaine and marijuana. We affirm the convictions but remand for resentencing.
As her first point defendant contends that in one case she was wrongly convicted of both delivery of cocaine and possession of cocaine, violations of section 893.13(1)(a)(1) and 893.13(1)(e), Florida Statutes (1983). The basis for her contention is that, although the caption of the information charged her with delivery of cocaine and possession of cocaine in violation of section 893.13, the body of the information charged her with delivery of cannabis and possession of cocaine. Thus, she contends that the conviction for delivery of cocaine was erroneous. However, when pleading guilty defendant signed a form stating that she pleaded guilty to delivery of cocaine. Defendant's attorney stated that defendant "wants to plead guilty to delivery of cocaine." At the sentencing hearing it was stated that defendant had pleaded guilty to delivery of cocaine. No objection of the type made here was at any time made in the trial court.
Lewis v. State, 154 Fla. 825, 19 So.2d 199 (1944), cited by defendant, is inapplicable. In Lewis a conviction was reversed because defendant had been charged and tried for an offense other than that shown on the form of conviction. The form of conviction mistakenly followed an erroneous caption on the information. In the case at hand the proceedings against defendant were consistent with the caption of the information and were, with the full knowledge, participation, and consent of defendant, for the crimes for which she was convicted. See State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980).
Defendant also contends that the trial court erred in departing from the recommended sentencing guidelines range. We agree. The trial court gave as his reasons for the departure that the defendant violated the terms of her plea agreement by perjuring herself under oath before the state attorney and that by perjuring herself to the state attorney she jeopardized the state's investigation and prosecution of a third party. The trial court's order refers to defendant having first given a taped statement to the state attorney's office about the drug activities of that third party and later, under oath to the state attorney, denying knowledge of matters she referred to in the taped statement.
The first reason for departure is insufficient. Neither the transcript of the plea colloquy nor the written plea of guilty contains any such plea agreement. See Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985). The trial court, when accepting defendant's plea, stated that there were no plea negotiations.
Also, we conclude that the second reason is insufficient. We do not believe a reason for departure from the sentencing guidelines may validly include another offense for which there has been no conviction.
Rule 3.701(d)(11) provides in part,
Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
If under the rule a prior arrest for which no conviction was obtained is not a sufficient *486 reason for departure, it is at least difficult to perceive that another offense could be sufficient for which, so far as the record in this case shows, there was neither an arrest nor a conviction. Even if the trial court did not use the word "perjury" in a technical sense to mean a violation of chapter 837, Florida Statutes (1983), still the meaning was that defendant had committed another wrong for which defendant had been neither charged nor convicted.
Defendant's convictions are affirmed, but we remand for resentencing within the presumptive sentence range under the guidelines.
CAMPBELL, A.C.J., and LEHAN and FRANK, JJ., concur.