470 So.2d 826 (1985)
Alan K. HEARN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-993.
District Court of Appeal of Florida, Second District.
June 12, 1985.
Jeffrey R. Fuller of Williams, Brassfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, JAMES B., Associate Judge.
Alan K. Hearn, a first time felony offender, appeals his sentence for delivery of cocaine. He asserts that the trial judge's reason for departing from the presumptive sentence of the sentencing guidelines was *827 not clear and convincing. We agree and reverse.
Pursuant to an open plea agreement, appellant, who had been charged with conspiracy to traffic in cocaine, pleaded guilty to the stipulated lesser included offense of delivery of cocaine. Sentencing involved a series of three hearings. At the first hearing, appellant elected to be sentenced under the sentencing guidelines, which recommended a "non-state prison" sanction. The trial judge reviewed the presentence investigation report and noted a police detective's statement in it that appellant had been "extremely uncooperative." The detective recommended that appellant receive some prison time. The assistant state attorney noted that the detective must have made the above statement without knowing that appellant had provided the state with a sworn statement regarding appellant's participation in this case. Appellant also had told the assistant state attorney of his general knowledge of drug-related activities. The trial judge continued the hearing so the basis for the detective's statement could be ascertained. The presentence investigation report recommended that appellant receive the non-state prison sanction recommended by the guidelines.
At the second hearing one week later, the state recommended that appellant undergo a polygraph examination to determine if he had given the state truthful information and requested a continuance for that purpose. When appellant objected, the trial judge offered to sentence appellant to 364 days in the county jail if he did not submit to the polygraph examination. Appellant withdrew his objection and underwent two polygraph tests.
At the third and final hearing, the assistant state attorney advised the court that Mr. Tim George, who administered appellant's polygraph tests and who was not present, stated that appellant "failed miserably" the first test and had been "extremely deceptive." Although appellant cooperated better on the second test, Mr. George stated that he was still deceptive. The defense attorney countered that he had also spoken with Mr. George who noted that appellant was intensely afraid, a factor which could have contributed to the difficulty which he experienced on the examinations. The trial judge sentenced appellant to fifteen years imprisonment, the maximum sentence, noting that appellant had rejected the opportunity to "write his [own] ticket" by cooperating. The judge specifically departed from the recommended guidelines sentence on the basis of appellant's "lack of cooperation." In a written order, the trial judge stated that he was departing from the guidelines recommended sentence because appellant had breached a material part of his plea agreement, his promise to cooperate with the state by providing truthful information about his and a co-defendant's involvement in the charged offense.
We hold that the trial judge abused his discretion by departing from the guidelines recommended sentence because the reason given was not clear and convincing. It is not clear that appellant's promise to cooperate with the state was a material part of the plea agreement. The transcript of the change of plea hearing contains no such plea agreement. At that hearing, the assistant state attorney presented an open plea agreement to the lesser charge with no conditions attached. The court approved the agreement as presented. The record clearly reveals that appellant only agreed to cooperate with the state in an effort to receive a sentence of probation. If a defendant has no legal obligation to cooperate with the state, his failure to do so is an insufficient reason to depart from the sentencing guidelines. Kossow v. State, 468 So.2d 1104 (Fla. 2d DCA 1985); Trainor v. State, 468 So.2d 484 (Fla.2d DCA 1985); Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985).
Even if appellant had had a legal obligation to cooperate with the state, the record is neither clear nor convincing that he failed to do so. At the third sentencing hearing, both sides gave conflicting reports as to the results of appellant's polygraph examinations. Mr. George, the examiner, *828 was not present and did not testify. It is unclear whether the polygraph's alleged unsatisfactory results were influenced by appellant's deceptiveness or his nervousness. Furthermore, the written polygraph results are not in the court record.
Also in this case, the trial judge impermissibly considered, as a reason for departure from the guidelines, a crime for which no conviction had been obtained. In his written order setting forth the reason for departure, the trial judge noted that appellant had been arrested for a greater offense which mandated a three-year minimum sentence. We reiterate that Florida Rule of Criminal Procedure 3.701(d)(11) specifically prohibits deviating from the guidelines based on factors relating to the instant offense for which convictions have not been obtained.
Accordingly, we affirm appellant's conviction but reverse the sentence imposed and remand to the trial court for resentencing within the presumptive range under the sentencing guidelines.
RYDER, C.J., and LEHAN, J., concur.