479 So.2d 257 (1985)
Paula Ann ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-707.
District Court of Appeal of Florida, Second District.
December 4, 1985.
Wm. Bruce Smith, Lakeland, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant was convicted of trafficking in cocaine. She appeals from her sentence of seven years incarceration, contending that the trial court improperly departed from the sentencing guidelines.
The guidelines presumptive sentencing range under defendant's scoresheet called for three and one-half to four and one-half years incarceration. The applicable mandatory minimum incarceration under *258 section 893.135(1)(b)(2), Florida Statutes (1983), is five years. That mandatory minimum controls over the guidelines presumptive sentencing range. Rule 3.701(d)(9), Florida Rule of Criminal Procedure. Therefore, defendant's sentence should have been five years unless there were valid reasons for the trial court to further depart from the presumptive sentencing range.
The trial court listed five reasons for departure as follows:
1. The offense for which the defendant was sentenced was obviously part of a larger-scale-organized scheme of criminal conspiracy, to-wit: supplying cocaine to smaller dealers in Haines City  Davenport area of Polk County.
2. At the trial of this matter, one of the witnesses was called at home and told his life would be in danger if he testified against the defendant.
3. The defendant shows little or no remorse for the crime for which she was sentenced.
4. The affidavit in this cause shows that the defendant was carrying, under the front seat of her auto, a loaded .357 Magnum revolver at the time of the commission of this crime.
5. Imposition of the minimum mandatory sentence of 5 years would depreciate the seriousness of this cause.
The state concedes that reasons number 3 and 4 are insufficient. We agree. See Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984), and Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984), quashed on other grounds, 475 So.2d 1218 (Fla. 1985).
We agree with defendant that reasons number 1, 2 and 5 were also insufficient. As to number 1, "[r]easons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained." Florida Rule of Criminal Procedure 3.701(d)(11). "[T]he court is prohibited from considering offenses for which the offender has not been convicted... ." Hendrix, supra at 450. See also Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985). Defendant was not convicted of the offense of conspiracy. As to reason number 2, there was no showing that defendant was responsible for threatening a witness, and, even if there was, as we have said, a valid reason for departure cannot include an offense for which defendant was not convicted. See Trainor; Hendrix. As to reason number 5, the trial court's conclusion that five years incarceration is not enough simply seems to reflect disagreement with the guidelines, as modified by the foregoing mandatory minimum sentencing statute.
We therefore reverse and remand for sentencing to the mandatory minimum as provided in section 893.135(1)(b)(2).
DANAHY, A.C.J., and SCHOONOVER, J., concur.