482 So.2d 602 (1986)
Joseph Edward FOWLER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-971.
District Court of Appeal of Florida, Fifth District.
February 13, 1986.
*603 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant appeals his sentence because the trial court exceeded the recommended guideline sentence. The reasons for departure are wholly insufficient and require another reversal of a departure sentence. The reasons given are as follows:
1. The Defendant's Presentence Investigation report indicates that his criminal conduct began over 20 years ago; he was convicted in 1965 of 3 felony offenses for which he was incarcerated in the Department of Corrections.
2. In 1967 the Defendant was again convicted of a felony and again placed in prison.
3. From 1967 until 1979, the Defendant had many encounters with the criminal justice system but managed to escape conviction.
4. In 1979, the Defendant was fined for `fighting' incident to charges of Battery and Fighting.
5. In 1980, the Defendant was convicted of Burglary and Grand Theft for which he was given two (2) five year sentences which ran concurrent.
6. In the case at bar the Defendant was convicted of Battery on a Law Enforcement Officer; this conviction brought his total felony convictions to seven. This Court specifically finds that while incarceration may not rehabilitate the Defendant, it is the only effective means of insuring Joseph Fowler will not further proliferate his felonious behavior upon our society for the next five years. His prior record indicates he has not and cannot live in a non-structured environment and a free society without violating the law.
7. The Court also specifically finds that there was absolutely no provocation for the battery and that the act solely arose from the Defendant's malevolence and criminal antisocial tendencies.
8. Given the Defendant's numerous prior felony convictions (6), and his unprovoked, factually unmitigated attack upon a law enforcement officer, it is obvious to this Court that the guideline sentence is not appropriate. This Court is compelled for the protection of society to institutionalize Joseph Fowler for a term in excess of that provided by the guidelines. Accordingly, this Court has imposed a sentence of 5 years in the Department of Corrections.
These reasons are insubstantial because Hendrix v. State, 475 So.2d 1218 (Fla. 1985) so holds.
The sentence is quashed and this cause remanded for resentencing in accordance with the guidelines.
REVERSED and REMANDED.
UPCHURCH, and COWART, JJ., concur.