482 So.2d 603 (1986)
Bonnie TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-941.
District Court of Appeal of Florida, Fifth District.
February 13, 1986.
*604 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
We vacate defendant's sentence and remand for resentencing because the reason given by the trial judge for departing from the recommended guideline sentence (being his conclusion that defendant had no intention of abiding by the law or probation) was factually based solely on defendant's "extensive [criminal] record." Defendant's prior criminal record was factored into the calculation of the recommended guideline sentence and is, therefore, not a permissible reason for departure from the recommended sentence. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). See Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986) (conclusion that "the defendant's prior history of criminal activity and behavior establishes a pattern of conduct that renders him a continuing and serious threat to the community" is based factually on defendant's prior convictions and current convictions and therefore is improper basis for departure); see also Pilgrim v. State, 480 So.2d 688 (Fla. 5th DCA 1986).
We affirm the trial court's denial of defendant's motion to withdraw his plea.
CONVICTION AFFIRMED; SENTENCE VACATED and CAUSE REMANDED.
COBB, C.J., and ORFINGER, J., concur.