484 So.2d 59 (1986)
Bienvenido GUERRERO, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2785.
District Court of Appeal of Florida, Second District.
February 21, 1986.
Roger O. Mills and William T. Fussell of Fussell & Mills, P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Bienvenido Guerrero appeals the judgments and sentences for his convictions of *60 trafficking in over 400 grams of cocaine and possession of controlled substance paraphernalia. We affirm his convictions, but reverse and remand for resentencing.
Under the guidelines, the recommended sentence was four and one-half to five and one-half years. Appellant's conviction under section 893.135(1)(b)3, Florida Statutes (1983), required the court to impose a mandatory minimum sentence of fifteen years. The court departed from the guidelines and imposed a thirty-year sentence on the trafficking conviction and ordered appellant to pay a $250,000.00 fine. The court's written reasons for departure were that it was a major narcotics trafficking transaction involving 965.4 grams of cocaine with a street value of $500,000.00; that the appellant perjured himself when he testified in his own behalf at trial; and that the appellant had not cooperated with law enforcement.
This court has held that the quantity of drugs involved in an offense is a proper reason for departure. Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985). However, this court has also held that the amount of money involved in the crime of delivery of cocaine is not a valid reason for departure. Dawkins v. State, 479 So.2d 818 (Fla. 2d DCA 1985). Therefore, a portion of the court's first reason was an invalid reason for departure.
The court's other two reasons for departure, that appellant perjured himself and did not cooperate with law enforcement, were clearly impermissible. Agatone v. State, 474 So.2d 846 (Fla. 2d DCA 1985); Hearn v. State, 470 So.2d 826, 827 (Fla. 2d DCA 1985); Kossow v. State, 468 So.2d 1104 (Fla. 2d DCA 1985).
In conclusion, appellant's departure sentence was grounded upon one permissible reason and three impermissible reasons. The state has not shown beyond a reasonable doubt that the absence of impermissible reasons would not have affected the departure sentence, therefore, we must reverse and remand for resentencing. Von Carter v. State, 478 So.2d 1071 (Fla. 1985).
SCHEB and CAMPBELL, JJ., concur.