487 So.2d 1199 (1986)
George HOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1142.
District Court of Appeal of Florida, Fifth District.
May 1, 1986.
*1200 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Judge.
Appellant, George Holden, appeals his sentence after the trial court exceeded the recommended guideline sentence. Holden contends that the departure was excessive in length and was based on impermissible reasons.
A jury found Holden guilty of second degree murder, in violation of section 782.04(2), Florida Statutes (1985), for the shooting death of his cousin, Alexander Thompson. In a written order, the court departed from the sentencing guidelines by sentencing Holden to twenty-five years imprisonment based on the following reasons:
1. As indicated by the Pre-sentence Investigation Report (a copy of which is attached hereto and made a part hereof), the Defendant in his life has used lethal force on two separate occasions.
a. On 4/2/1972 the Defendant shot Adell Davis in the forehead with a pistol. Mr. Davis did not die, but the Defendant was convicted of assault with intent to commit manslaughter and was sentenced to five years in prison.
b. In the case at bar the Defendant shot Alexander Thompson two times with a pistol killing him on 12/25/1984.
2. Despite the passage of time and being on notice of the adverse consequences arising from the use of a firearm, the Defendant repeated a lethal assault with a firearm. In particular this criminal lethal force is specifically crime in excess as defined by Mischler v. State, 458 So.2d 37 (Fla.App. 4 1984). Anger and the impulsive use of deadly force cannot be excused when it appears the Defendant did not profit from his prior criminal experience. The only difference in fourteen years is that the Defendant actually killed on this occasion.
3. Societal protection demands that the Defendant be punished by imprisonment for twenty-five years as opposed to the guideline range.
Holden first argues that the departure is excessive and that the court erred by departing two cells. The Florida supreme court has declined to set a precise limit on the range of departure and held that the proper standard of review of the extent of *1201 departure is whether the judge abused his discretion. Albritton v. State, 476 So.2d 158 (Fla. 1985). Based on the particular factors in the instant case, we conclude that there was no abuse of discretion regarding the extent of departure if the reasons provided in support are valid.
The next point is whether the reasons given in support of the departure were impermissible. The first reason cited by the trial court was that Holden had used lethal force on two separate occasions. The first time was in 1971 when he shot Adell Davis, for which he was convicted of assault with intent to commit manslaughter. This conviction was included in the scoresheet calculation and thus was an improper reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Spells v. State, 482 So.2d 608 (Fla. 5th DCA 1986); Scott v. State, 482 So.2d 607 (Fla. 5th DCA 1986).
The second time lethal force was used considers an essential element of the instant offense. This reason is also impermissible. Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), aff'd, 483 So.2d 423 (Fla. 1986); Fletcher v. State, 457 So.2d 570 (Fla. 5th DCA 1984); Fla.R.Crim.P. 3.701(d)(11).[1] The instant offense was second degree murder, under which the use of lethal force is a necessary element.[2]
The second reason for departure also classifies Holden's use of lethal force as crime in excess as set forth in Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984)[3] and indicates that Holden did not profit from his prior criminal experience. The reference to Holden's prior criminal experience could only be based on his prior convictions or numerous arrests for which no convictions were obtained. Both are improper under Hendrix. Regarding crime in excess, Holden was convicted of second degree murder with a firearm, which requires the victim to die. In Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986), the court held that the excessive use of force was an invalid reason for departure where the underlying conviction was for manslaughter with a firearm. The excessive use of force cannot be a valid reason for departure where death is the result of the criminal act for which the defendant was convicted.
The final question presented concerns whether a departure can be based upon the need for societal protection. While we may agree that this particular defendant's conduct poses a threat to society, this reason is invalid because it is factually based on Holden's prior convictions and on the current conviction. Tillman v. State, 482 So.2d 603 (Fla. 5th DCA 1986); Fowler v. State, 482 So.2d 602 (Fla. 5th DCA 1986); Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986), Pilgrim v. State, 480 So.2d 688 (Fla. 5th DCA 1985).
*1202 Since none of the three reasons provides a valid basis for departure, the sentence is vacated and remanded for resentencing within the guidelines, absent clear and convincing reasons for departure.
REVERSED and REMANDED for resentencing.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] It should be noted that even though a crime is repugnant, there can be no departure based on the surrounding circumstances when the crime is perpetrated in a common manner. Thomas v. State, 461 So.2d 234 (Fla. 1st DCA 1984). This is not a case where the departure was based on "the circumstances of the way the crime was committed indicating excessive brutality and clear premeditation" which may be considered under Lerma v. State, 476 So.2d 275 (Fla. 5th DCA 1985); and Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984). Neither the record or the written reasons indicate that the killing was unusually cruel or that the victim suffered for a long period before dying, which are valid reasons under Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985).
[2] Second degree murder is defined as:

The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual....
§ 782.04(2), Fla. Stat. (1985).
[3] In Mischler the defendant, a bookkeeper, was convicted for stealing cash from her employer. The departure was based on lack of remorse, the employer's financial status and the trial court's belief that white collar crime deserves a harsher sanction. 458 So.2d at 37. The appellate court found these reasons invalid but held that "crimes committed in a repugnant and odious manner" was a valid reason for departure. Id. at 40. The decision was recently affirmed in State v. Mischler, 488 So.2d 523 (Fla. 1986).