DAUKSCH, Judge.
Appellant Kirk appeals his sentence imposed in excess of the recommended guideline sentence. Kirk was arrested and pled guilty to resisting an officer with violence in violation of section 843.01, Florida Statutes (1983). The trial court set forth three written reasons for departure. The second reason, which stated “taking into consideration the danger presented to the law enforcement officers,” is not a valid reason. Danger presented to a victim is a valid reason for departure only when it is greater than that ordinarily encountered by a victim of that crime, Harris v. State, 482 So.2d 548 (Fla. 4th DCA 1986), and the danger must be supported by facts which are credible and proven beyond a reasonable doubt. See State v. Mischler, 488 So.2d 523, (Fla.1986). The record in this case does not indicate that the police officers were in any greater danger than normally encountered when arresting a disorderly drunk. The third reason for departure stated that appellant was unable to live in a non-structured environment without violating the laws of society and that the protection of society required that he be institutionalized. This reason has been found to be invalid because it is factually based on prior criminal convictions. Tillman v. State, 482 So.2d 603 (Fla. 5th DCA 1986); Fowler v. State, 482 So.2d 602 (Fla. 5th DCA 1986); Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986); Pilgrim v. State, 480 So.2d 688, 689 (Fla. 5th DCA 1985). Under Albritton v. State, 476 So.2d 158 (Fla.1985), the state has not shown beyond a reasonable doubt that absent these two invalid reasons the sentence would have been the same. Therefore the sentence is vacated and remanded to the trial court for resentencing in accordance with this opinion.
VACATED and REMANDED.
UPCHURCH and SHARP, JJ„ concur.