SCHEB, Judge.
A jury found defendants Vernon Coleman and Monte Moniz guilty of trafficking and conspiracy to traffic in 400 or more *1293 grams of cocaine. The trial court adjudicated them guilty and sentenced each defendant to twenty years’ imprisonment on each count to run concurrently. Defendants appealed.
Both defendants raise the same sentencing guidelines issue. Additionally, Moniz raises three points challenging his convictions. We find merit only in the defendants’ contention concerning their sentences.
Defendants argue the trial court erred in departing from the guidelines in imposing their sentences. The minimum mandatory sentence for trafficking and conspiracy to traffic in cocaine is fifteen years’ imprisonment. §§ 893.135(l)(b)3. and 839.135(4), Fla.Stat. (1985). The guidelines recommended sentence for each defendant was five and one-half to seven years’ imprisonment. Under these circumstances, the trial judge could not impose sentences below the minimum mandatory penalty. Fla.R. Crim.P. 3.701(d)(9).
In sentencing defendants to twenty years in prison on each count, the trial judge departed from the guidelines. The trial judge gave the following written reasons for departure: no pretense of moral or legal justification, the amount of cocaine involved, and the defendants’ intent to traffic continuously in an interstate plan. See Fla.R.Crim.P. 3.701(d)(ll).
No pretense of moral or legal justification is an impermissible reason for departure. Moore v. State, 483 So.2d 37 (Fla. 1st DCA 1986). The intent to traffic in an interstate plan appears to encompass the offenses for which defendants were convicted. Since such intent is inherent in these offenses, it is not a proper reason for departure. See State v. Mischler, 488 So.2d 523 (Fla.1986).
The quantity of cocaine involved in this case, 1000 grams, is a valid reason for departure. Guerrero v. State, 484 So.2d 59 (Fla. 2d DCA 1986) (transaction involving 965.4 grams of cocaine was proper reason for departure where defendant charged with trafficking in over 400 grams of cocaine). As in Guerrero, the amount of cocaine involved here was well over the threshold amount of 400 grams.
Yet, when a departure sentence is grounded on both valid and invalid reasons, “the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.” Albritton v. State, 476 So.2d 158, 160 (Fla.1985). Here, the state failed to meet this burden.
Accordingly, we affirm defendants’ convictions but reverse the sentences and remand for resentencing.
DANAHY, C.J., and GRIMES, J., concur.