NESBITT, Judge.
Ramon Pedraza pled guilty to trafficking in cocaine in excess of 400 grams and carrying a concealed firearm based upon a plea agreement stipulation that he would *1123 receive a mandatory minimum five years’ incarceration if he would, by sworn statement as verified by polygraph examination, identify the drug supplier. When he failed the lie detector test and refused to cooperate, he received concurrent sentences of thirty years and five years. . Pedraza contends that the trial court erred in departing from the sentencing guidelines based upon the facts that he failed to cooperate according to the terms of the plea agreement, possessed cocaine in excess of 400 grams (i.e., 468 grams), and used a firearm during the commission of the trafficking offense. We agree and reverse the sentence.
The guidelines sentencing score-sheet indicated that Pedraza should be sentenced to a term of incarceration of three and one-half to four and one-half years. His conviction for trafficking in cocaine in excess of 400 grams, under section 893.-135(1)(b)3, Florida Statutes (1985), required a mandatory minimum sentence of fifteen years. Since the mandatory minimum is in excess of the guidelines recommended sentence, it takes precedence as the presumptive sentence. Fla.R.Crim.P. 3.701(d)(9); cf. Tanner v. State, 468 So.2d 505, 506 (Fla. 2d DCA 1985). The trial judge, in departing from the guidelines presumptive sentence, must articulate clear and convincing reasons for so doing. Santiago v. State, 478 So.2d 47 (Fla.1985); Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985). Fla.R.Crim.P. 3.701(d)(ll). Here, none of the enumerated factors stated by the trial court justified departure from the sentencing guidelines.
Pedraza owed no legal obligation to cooperate with the authorities, outside of his plea agreement for a lower minimum sentence as permitted under section 893.135(3), Florida Statutes (1985). Failure to cooperate with law enforcement officers is an insufficient reason for departure from sentencing guidelines. Banzo, 464 So.2d at 622; Jimenez v. State, 486 So.2d 36 (Fla. 2d DCA 1986). Furthermore, neither the testimony of the polygraph examiner nor the written polygraph results were in the record as requisite proof of the validity of the lie detector test. See Hearn v. State, 470 So.2d 826 (Fla. 2d DCA 1985).
Additionally, assuming the trial court’s finding that Pedraza was in possession of 468 grams was correct,[1] it was a de minimis amount in excess of the quantity necessary to impose a fifteen-year mandatory minimum sentence. Departure based on this factor was improper. Jimenez, 486 So.2d at 36 (quantity involved exceeded the 28-gram statutory threshold by .35 grams, a de minimis excess insufficient to warrant a departure); cf. Newton v. State, 490 So.2d 179 (Fla. 1st DCA 1986) (where the quantity of drugs involved falls within a range specified by statute defining the crime, the amount of drugs involved is an invalid reason for departure); Pursell v. State, 483 So.2d 94, 95 (Fla. 2d DCA 1986) (quantity of drugs may he a valid basis for departure where the quantity is well in excess of the statutory quantity necessary for conviction of conspiracy to traffic).
Finally, the trial court was not at liberty to depart from the presumptive sentence based on the use of a firearm during the commission of the offense charged since this element was already factored into the guideline scoresheet. See Flemmings v. State, 476 So.2d 292, 294 (Fla. 3d DCA 1985); Callaghan v. State, 462 So.2d 832 (Fla. 4th DCA 1985); Fla.R.Crim.P. 3.701(d)(11).
Accordingly, the sentence is reversed and the cause is remanded for resentencing in conformity with the presumptive sentence under the guidelines, that is, the mandatory minimum sentence.

. The record is devoid of evidence substantiating the quantity of cocaine that Pedraza possessed.