DAUKSCH, Judge.
This is an appeal from a sentence and an imposition of court costs. As to the sentence, there was no error in imposing a sentence in compliance with the recommended guideline sentence as that recommendation existed at the time of the sentencing rather than at the time of the commission of the crime. The Florida Supreme Court has ruled this is not a violation of the constitutional proscription against ex post facto punishments. We follow that court. State v. Jackson, 478 So.2d 1054 (Fla.1985). We certify to the supreme court the same question we certified in Carter v. State, 483 So.2d 740 (Fla. 5th DCA 1986).
The sentencing judge erred in imposing costs under section 27.3455, Florida Statutes (1985). In Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986) we held that a court cannot impose costs under section 27.3455 for crimes committed prior to July 1, 1985. We certify to the supreme court the same question we certified in Yost:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985) TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (FLA.1985)?
See also Robinson v. State, 488 So.2d 925 (Fla. 5th DCA 1986). The offense for which appellant was sentenced was committed in June 1984. Thus, we reverse that portion of the judgment imposing court costs.
*1002 AFFIRMED in part; REVERSED in part.
UPCHURCH, C.J., and ORFINGER, J., concur.