497 So.2d 728 (1986)
Bobby MYRICK, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-292, 85-293 and 85-294.
District Court of Appeal of Florida, Second District.
November 14, 1986.
*729 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
In these consolidated sentencing guidelines cases, the appellant, Bobby Myrick, appeals the sentences imposed by the trial court. We find that the trial court's written reasons for departing from the guidelines when sentencing the appellant include both permissible and impermissible reasons, and we, therefore, reverse and remand for resentencing.
The underlying offenses in this case are one count of breaking and entering with intent to commit grand larceny and two counts of uttering a forged instrument. When appellant's probation for these offenses was revoked in 1984, he elected guideline sentencing. The trial court prepared a written statement containing reasons for departure and sentenced the appellant to serve three consecutive five-year terms in the state prison. The trial court imposed these sentences without first preparing a guidelines scoresheet. Upon appeal of that sentencing, the case was reversed and remanded for preparation of a guidelines scoresheet followed by resentencing. See Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984).
The sentencing guidelines scoresheet which was ultimately prepared reflected a sentence range of community control or twelve to thirty months incarceration. With the one cell enhancement allowed for violation of probation, the reflected range was two-and-one-half to three-and-one-half years of incarceration. At the resentencing hearing, however, the trial court again departed from the guidelines and once again sentenced appellant to serve three consecutive five-year sentences. The same written reasons for departure that were used in the original sentencing were used at appellant's resentencing.
The written statement reflected that the trial judge based his decision to sentence the appellant outside the sentencing guidelines on the appellant's violation of his probation as well as on appellant's criminal history. Appellant's violation of probation, however, is an invalid reason to enhance appellant's sentence more than the one cell permitted by Florida Rule of Criminal Procedure 3.701(d)(14). See Wigfals v. State, 480 So.2d 259 (Fla. 2d DCA 1986). Furthermore, appellant's criminal history included both valid and invalid reasons for departure. For instance, the juvenile offenses appellant committed more than three years prior to the commission of the primary offense, Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984), aff'd, 469 So.2d 128 (Fla. 1985), is a valid reason for departure. On the other hand, the offenses which would have been factored into the scoresheet in order to arrive at a presumptive sentence, Hendrix v. State, 475 So.2d 1218 (Fla. 1985), and the offenses for which no conviction had been obtained, see Fla.R. Crim.P. 3.701(d)(11); Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985), are impermissible reasons for departure.
Because we are unable to conclude that the trial court, in considering appellant's prior criminal history, only intended to include the permissible reasons for departure, we are not convinced beyond a reasonable doubt that the presence of the invalid reasons did not affect the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). We, therefore, reverse and remand for resentencing. At resentencing, the court should either sentence appellant within the guidelines range or prepare a written statement containing only permissible reasons which justify its decision to sentence appellant outside the guidelines.
Reversed and remanded.
SCHEB, A.C.J., and RYDER and SCHOONOVER, JJ., concur.