DAUKSCH, Judge.
This is an appeal from a sexual battery conviction. It was not reversible error for the trial judge to refuse to give certain jury instructions because the requested lesser included offense instructions involved crimes two steps removed from the crime charged and the appellant was convicted as charged. State v. Abreau, 363 So.2d 1063 (Fla.1978). There is some doubt, in any event, whether the prosecutor’s charge against appellant would support the aggravated assault and aggravated battery lesser included offense requested instructions. See Harrielson v. State, 441 So.2d 691 (Fla. 5th DCA 1983). No other trial error is perceived.
However, again we must vacate a sentence which clearly violates the sentencing guidelines. The supreme court .has ruled that all judges must follow the guidelines. To not follow the guidelines leads only to appellate review and the vacating of the sentence. No benefit to anyone is ultimately derived by exceeding the guidelines improperly.
The reasons for departure are all improper: 1) the victim’s age is not proper because it is an inherent component of the crime of sexual battery upon a person twelve years of age or older, Dowling v. State, 496 So.2d 1001 (Fla. 5th DCA 1986); 2) psychological trauma to a victim of a sexual crime is invalid, Lerma v. State, 497 So.2d 736 (Fla.1986); 3) life-threatening physical force which is “not adequately or fairly reflected in ‘victim injury’ portion of scoresheet” is part of the crime charged, State v. Mischler, 488 So.2d 523 (Fla.1986); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985) approved 483 So.2d 423 (Fla.1986); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984) approved 477 So.2d 565 (Fla.1985); 4) victim was kidnapped is improper because there was no conviction for kidnapping, Allen v. State, 479 So.2d 257 (Fla. 2d DCA 1985); Fla.R.Crim.P. 3.701(d)(ll); 5) appellant lied to police is clearly impermissible, Guerrero v. State, 484 So.2d 59 (Fla. 2d DCA 1986); Edwards v. State, 482 So.2d 553 (Fla. 2d DCA 1986); Ricardo v. State, 481 So.2d 1296 (Fla. 3d DCA) rev. denied, 494 So.2d 1152 (Fla.1986); Hearn v. State, 470 So.2d 826 (Fla. 2d DCA 1985); Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985); Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985); 6) appellant was on probation already factored into score, Mischler, supra; and, 7) cannot live in a non-structured environment and protection of society demands institutionalization is already factored under prior record, Tillman v. State, 482 So.2d 603 (Fla. 5th DCA 1986); Fowler v. State, 482 So.2d 602 (Fla. 5th DCA 1986); Pilgrim v. State, 480 So.2d 688 (Fla. 5th DCA 1985).
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.
UPCHURCH, C.J., and ORFINGER, J., concur.