SHARP, Judge.
The state appeals the sentence imposed on Forehand after he negotiated a plea and pled nolo contendere to grand theft,[1] burglary of a dwelling,[2] and petit theft.[3] The parties had stipulated Forehand would be sentenced to two and one-half to three years with the condition there be no consecutive probation. Instead, the trial court departed downward and sentenced Forehand respectively on the three charges to one year and one day, fifteen years concurrent probation and time served.
The trial judge listed seven reasons for the downward departure, the first three of which are invalid. See Lerma, v. State, 497 So.2d 736 (Fla.1986); State v. Mischler, 488 So.2d 523 (Fla.1986); Dowling v. State, 496 So.2d 1001 (Fla. 5th DCA 1986); State v. Taylor, 482 So.2d 578 (Fla. 5th DCA 1986). We make no comment as to the validity of the remaining four reasons because there is no clear authority on these issues. Since it is not clear that, absent the invalid reasons the trial court would have imposed the same sentence, we must reverse and remand. Albritton v. State, 476 So.2d 158 (Fla.1985).
REVERSED AND REMANDED.
ORFINGER. and COWART, JJ., concur.

.§§ 812.014(1), (2)(b)1 & 812.015(1), Fla.Stat. (1985).

. §§ 810.02(1) & (3), Fla.Stat. (1985).

. §§ 812.014(l)(a), (b) & (2)(c), Fla.Stat. (1985).