PER CURIAM.
Appellant, State of Florida, appeals the trial judge’s sentence below the recommended guidelines imposed on appellee, Walter Taylor.
Appellee was charged with aggravated battery, two separate counts of robbery and aggravated assault. All of the offenses occurred after October 1, 1983, so they were subject to the sentencing guideline rules, Florida Rule of Criminal Procedure 3.701(d)(1), and section 921.001, Florida Statutes (1985).
Appellee was charged by three separate informations on September 4, 1984, with aggravated battery and two counts of robbery. He was also charged by information on August 31, 1984, with aggravated assault. All the offenses were alleged to have been committed on August 12, 1984. Prior to arraignment on November 1, 1984, appellee was determined to be incompetent and committed to the state hospital. On November 24, 1986, appellee was returned from the state hospital to the trial court for determination of competency, arraignment and disposition of the charges against him.
At the competency hearing on November 24, 1986, the trial judge, after determining that appellee was competent, announced that he could see that no useful purpose could be served by further incarcerating appellee since he had spent two years confined in the state hospital because of his incompetency. The trial judge then announced that over the state’s objection, he would place appellee on two years community control if appellee elected to plead no contest. Appellee did then plead no contest, accepting the trial judges’ offer of a sentence of two years community control. The state objected. The first error was that no scoresheet was prepared. Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984), rev’d. on other grounds, 497 So.2d 728 (Fla.1986). It appears that the trial judge’s sentence was a downward departure from the recommended guidelines sentence which would have been reflected if a scoresheet had been prepared. There were no written reasons prepared to justify a downward departure. State v. Jackson, 478 So.2d 1054 (Fla.1985).
We, therefore, reverse the imposition of the sentence by the trial judge and remand for resentencing. On remand, a scoresheet shall first be prepared. If the trial judge then decides to depart from the recommended sentence, he shall state his reasons in a written order. On remand, if the sentence determined to be imposed is greater than two years community control, appellee shall be afforded an opportunity to withdraw his plea of no contest and enter a plea of not guilty inasmuch as the plea of no contest was a result of the offer of the trial judge of a sentence of two years community control.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER, J., and PACK, R. WALLACE, Associate Judge, concur.