482 So.2d 414 (1985)
Dilar S. BOOKER, a/K/a Kerry Lemuel Doby, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-408 to 85-410.
District Court of Appeal of Florida, Second District.
December 13, 1985.
Rehearing Denied January 28, 1986.
*415 James Marion Moorman, Public Defender, and Douglas S. Connor, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
This is a sentencing guidelines case. Originally, the trial court departed from the guidelines in sentencing the defendant. We vacated that sentence because of a procedural irregularity and remanded for resentencing. The defendant challenges his resentencing to five consecutive five year terms of imprisonment. We affirm.
The record reveals that the defendant Dilar S. Booker was placed on probation on May 1, 1981, after pleading guilty to burglary of a structure. On July 23, 1981, the defendant pled guilty to another charge of burglary of a structure, as well as a charge of second degree grand theft. Then, on May 19, 1983, the defendant pled guilty to additional charges of burglary of a structure and second degree grand theft. The court withheld adjudication of guilt on these last four offenses and ordered that the defendant serve four concurrent probationary terms of five years concurrent with the previous period of probation.
*416 On January 23, 1984, affidavits were filed charging the defendant with violating his probation by committing strong-arm robbery. After an evidentiary hearing, the trial court revoked the defendant's probation and adjudicated him guilty of the three counts of burglary of a structure and two counts of second degree grand theft. The trial judge then imposed consecutive prison sentences of five years on each of these five offenses.
On appeal, this court held that the trial court did not follow the procedures set forth in the sentencing guidelines because the court departed from the presumptive sentence without benefit of a guidelines scoresheet. Doby v. State, 461 So.2d 1360 (Fla.2d DCA 1984). Although the trial judge announced his reasons for departure, we determined that he was without sufficient information to decide whether to depart from the guidelines without first knowing the presumptive sentences. Doby.
At resentencing, the trial court had before it a guidelines scoresheet which recommended a non-state prison sanction enhanced to 12 to 30 months incarceration because of the defendant's probation violation. As in the original sentencing, the court departed from the guidelines and again sentenced the defendant to serve five consecutive five-year terms of imprisonment. Defendant again appeals, raising five points. We address each issue.
First, the defendant correctly points out that since the prior offenses for which he was placed on probation occurred before October 1, 1983, he had the option to select to be sentenced under the new sentencing guidelines upon revocation of his probation. § 921.001(4)(a), Fla. Stat. (1983); Boyett v. State, 452 So.2d 958 (Fla.2d DCA 1984), aff'd, 467 So.2d 997 (Fla. 1985). Although it does not appear that the defendant selected the guidelines at the resentencing hearing, he clearly elected to be sentenced under the guidelines at the original hearing. Thus, we reject the defendant's argument that because he did not again select to be sentenced under the guidelines, his sentence must be altered to reflect that it is a non-guidelines sentence. Our remand for resentencing did not vitiate the selection, but only required a procedurally proper sentencing pursuant to the defendant's prior selection.
We have previously rejected defendant's second contention that section 921.001(4)(a), Florida Statutes (1983), violates article X, section 9, of the Florida Constitution. Hayward v. State, 467 So.2d 462 (Fla.2d DCA 1985).
We also find no merit to defendant's third argument that the court erred in refusing defense counsel's request to consult with the defendant regarding the accuracy of the scoresheet. Defendant has never pointed to any specific errors in the scoresheet, nor does he argue on this appeal that the scoresheet is, in fact, incorrect. Therefore, error, if any, is harmless. Cf. Lanier v. State, 478 So.2d 1184 (Fla. 2d DCA 1985).
Further, we reject the defendant's fourth contention that the trial court erred by departing from the guidelines recommended sentence without clear and convincing reasons. The trial judge entered a written "Order of Aggravating Circumstances" in which he outlined in great detail the defendant's violation of probation and past criminal history as grounds for departure.[1] *417
*418 The defendant argues that on revocation of probation, it is improper for the trial court to depart from the guidelines range beyond the one cell allowed by the 1984 amendment to Florida Rule of Criminal Procedure 3.701.[2] See Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985), and Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985), holding that if violation of probation is the sole reason for departing from the guidelines sentence, the sentence may be increased no more than one cell without other clear and convincing reasons. Under the circumstances of this case we reject the defendant's argument.
Here, the defendant violated his probation on two previous occasions. We interpret the trial court's departure, on the violation of probation, to be based not only on defendant's January 1984 violation, but also on the violations occurring in July 1981 and May 1983. Thus, we find that the *419 trial court did not err in departing more than one cell above the guidelines presumptive sentence based on the defendant's violation of probation. See Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985). Cf. Thrasher v. State, 477 So.2d 1083 (Fla. 1st DCA 1985). We recognize the supreme court's recent disapproval of "double dipping" in guidelines scoring. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Nevertheless, our view is reinforced by the fact that nowhere on a sentencing guidelines scoresheet is there a provision factoring in probation violations which occurred between the substantive offense and the current revocation.
The trial judge's second reason for departure, concerning the defendant's past criminal history, is also detailed in the court's order of aggravating circumstances. In Hendrix, the Florida Supreme Court held that a defendant's prior convictions may not be considered as a valid reason for departure from the guidelines. However, we do not construe the court's opinion in Hendrix as implying that the trial judge cannot depart from the presumptive sentence where, as here, the defendant has failed to respond to past rehabilitative efforts, has continued to violate his probation, and has demonstrated an "evidently escalating criminal involvement." See also Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985). In sum, we find that the trial court's departure was based on clear and convincing reasons in accordance with Florida Rule of Criminal Procedure 3.701(d)(11).
Defendant's final point on appeal is the most troublesome. In Albritton v. State, 476 So.2d 158 (Fla. 1985), the Florida Supreme Court stated:
An appellate court reviewing a departure sentence should look to the guidelines sentence, the extent of the departure, the reasons given for the departure, and the record to determine if the departure is reasonable.
The defendant argues that the trial court abused its discretion in this case by imposing a twenty-five-year sentence, which is ten times greater than the two and one-half years maximum recommended under the guidelines. Admittedly, the twenty-five-year sentence seems to be somewhat harsh.
We find the teachings of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), instructive on review of judicial discretion. There, our supreme court cited with favor the following test from Delno v. Market Street Railway Co., 124 F.2d 965, 967 (9th Cir.1942), for review of a trial judge's discretionary power:
Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.
Canakaris, 382 So.2d at 1203.
In view of the written reasons for departure and the record in this case, we cannot say that it was unreasonable for the trial judge to sentence the defendant as he did in this case. But see McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985), holding that the trial judge abused his discretion in exceeding the guidelines sentence by five times.
The supreme court's ruling in Albritton has assigned the district courts of appeal the arduous task of determining whether a trial court has abused its discretion in departing from the recommended range of sentencing. Since no criteria have been identified to assist us in performing that function, we certify the following question, as we did in Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985), as one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE PERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, WHAT CRITERIA SHOULD AN APPELLATE *420 COURT ADOPT IN DETERMINING IF THE SENTENCING COURT ABUSED ITS DISCRETION IN ITS EXTENT OF DEVIATION?
Affirmed.
LEHAN and HALL, JJ., concur.
NOTES
[1] The Order provided:

THIS CAUSE coming on to be heard on January 25, 1985, on the sentencing of Kerry Lemuel Doby a/k/a Dilar Seabon Booker with the defendant having been found guilty of one count of Burglary of a Structure on May 1, 1981, and having been found guilty of one count of Burglary of a Structure and one count of Grand Theft in the Second Degree on July 23, 1981, and having been found guilty of one count of Burglary of a Structure and one count of Grand Theft in the Second Degree on May 19, 1983, and having previously been sentenced to five years probation with one year specified residence in the county jail, (cases numbered 80-4542, 81-4022, and 83-56, respectively), this Court finds clear and convincing reasons to sentence Kerry Doby on the violation of probation outside the sentencing guidelines. On March 2, 1984, the defendant was found guilty of violating his probation by committing Strong Arm Robbery. The violation of his probation and the past criminal history of the defendant warrants this Court in sentencing the defendant outside the sentencing guidelines. The Court has found the defendant's prior record, in capsule, to be as follows:

DATE OF DISPOSITION
OFFENSE OFFENSE DATE DISPOSITION 
5/28/80 Burglary 5/1/81 W/H Adj., 5 yrs.
 (80-4542) Prob. w/1 yr. spec.
 residence county
 jail w/credit for
 time served
Vio. Prob. 7/23/81 5 yrs. prob.,
 conc. 81-4022
Vio. Prob. 5/19/83 5 yrs. prob.,
 conc. 83-56
Vio. Prob. 3/2/84 [current]
12/17/80 Trespass 3/13/81 3 mo. prob.
4/27/81 Burg./GT 7/23/81 W/H adj., 5 yrs.
 (81-4022) prob., conc. 80-4542
 Vio. Prob. 5/19/83 5 yrs. prob. w/1 yr.
 spec. residence
 county jail
 Vio. Prob. 3/2/84 [current]
1/2/83 Burg./GT 5/19/83 W/H adj., 5 yrs.
 (83-56) prob. w/364 days
 spec. residence
 county jail, conc.
 80-4542
 Vio. Prob. 12/9/83 Cont. on probation
 Vio. Prob. 3/2/84 [current]

With respect to the Burglary charge, case number 80-4542, the circumstances were as follows: On May 28, 1980, police officers responded to a silent alarm at the Media Center, located at 706 E. Columbus Drive. Upon arrival, the police officers observed Kerry Doby jump from the second floor and attempt to hide from them. The defendant was placed on five years probation on May 1, 1981.
Regarding the charge of Burglary of a Structure and Grand Theft in the Second Degree, case number 81-4022, the defendant and an accomplice entered the business located at 1410 E. 17th Avenue, the Old Gold Coin Wash, on April 27, 1981, at 3:00 a.m. They fled the business with approximately $204.00 worth of merchandise. They were arrested while in flight and the property was recovered. The defendant received five years probation on July 23, 1981, to run concurrent with the new five year probation he received for violation of probation which this offense triggered in case number 80-4542.
Kerry Doby committed this latter offense four days prior to his initial sentence in case number 80-4542.
With respect to the Burglary of a Structure and Grand Theft in the Second Degree charges, case number 83-56, the circumstances were as follows: On January 2, 1983, at approximately 1:00 a.m., at the Furniture Source, 2808 N. 16th Street, the burglar alarm went off. Upon arrival, police officers observed an open window on the south side of the building. Property belonging to the business was found outside the business, totaling in value approximately $2650.00. Kerry Doby was observed climbing out of that window. As the officers approached, this defendant climbed back inside. He was later arrested and the stolen property was recovered. Kerry Doby received five years probation on each count to run concurrent, with 364 days specified residence in the Hillsborough County Jail, and to run concurrent with the five years probation he received for violating his two prior probations in cases numbered 81-4022 and 80-4542, on May 19, 1983.
This Court has found that the defendant has now violated his probation with yet another substantive offense. On December 11, 1983, at approximately 2:00 a.m., behind the Blue Diamond Bar at E. 4th Avenue and N. 27th Street, Kerry Doby approached Michael Ray Singfield. Kerry Doby punched Singfield in the face, and reached into his left front pocket and removed money. On March 2, 1984, a violation of probation hearing resulted in Kerry Doby's probations being revoked in cases numbered 80-4542, 81-4022 and 83-56.
In reviewing the past criminal history of the defendant as well as the current violation, it becomes apparent that the defendant intends a complete disregard for the Criminal Justice System, as well as for the leniency that has previously been extended to him. The defendant has failed to respond to past rehabilitative efforts. This is evidenced by the fact that he had been placed on probation numerous times, and continues to violate that probation by committing identical offenses while on probation. While on probation for burglary, case number 80-4542, he committed trespass, as well as another burglary and grand theft. While he was on probation for the initial burglary as well as the second burglary and grand theft, he committed a third burglary and grand theft, after spending two periods of incarceration in the county jail. In the instant offense, he has been on probation for all three burglaries, and yet has committed still another offense, an offense to a person rather than simply to property as has been true in the past, strong arm robbery.
Rather than being rehabilitated by his several periods of probation, as well as his prior incarcerations, the nature of his criminal involvement is evidently escalating.
The nature of the defendant's career as a criminal is evidenced by the fact that four days prior to being sentenced originally on the burglary charge contained in case number 80-4542, he committed the same crime, the burglary and grand theft contained in 81-4022. This crime, it is also noteworthy, was committed forty-five days after being placed on probation for trespass. The defendant has committed the identical crime, burglary of a structure, three times. He has received probation twice for those crimes, as well as two periods of a year each of specified residence in the county jail. His incredibly poor performance as a probationer, despite these incarcerations, persuades this Court that he is completely unrehabilitatable.
The defendant's complete disregard for property and for the welfare of others, is evidenced by this third substantive violation of the probations granted him.
The timing of the defendant's criminal conduct is also evidence that he is unrehabilitatable. On May 19, 1983, for example, he was granted five years probation, but sentenced to 364 days specified residence in the county jail. On December 11, 1983, he committed strong arm robbery.
In light of all of the foregoing, and considering the fact that the defendant has violated various probations four times, three times via substantive violations, has spent two periods of a year each specified residence in the county jail, and nevertheless, has continued to commit offenses while on probation, it is clear that attempts to rehabilitate him have failed in the past, and will fail in the future. This Court will not sentence this defendant within the sentencing guidelines.
IT IS THEREFORE ORDERED AND ADJUDGED that for the above-cited reasons, this Court is warranted in departing from the sentencing guidelines. This Court therefore adjudicates the defendant guilty in case number 80-4542, revokes his probation, and sentences him to five years to be served in the Florida State Prison with credit given for any time served. This Court also adjudicates the defendant guilty in case number 81-4022, revokes his probation, and sentences him to five years in count one and five years consecutive in count two to be served in the Florida State Prison, to be served consecutively with the sentence given in case number 80-4542. This Court also adjudicates the defendant guilty in case number 83-56, revokes his probation and sentences him to five years in count one, and five years consecutive in count two, to be served in the Florida State Prison, to be served consecutively with the sentences in cases numbered 80-4542 and 81-4022.
DONE AND ORDERED in Tampa, Hillsborough County, Florida, this 22 day of Feb., 1985.
 /s/ Harry Lee Coe, III
 CIRCUIT COURT JUDGE

[2] The amendment which became effective on July 1, 1984, added subsection (d)(14) concerning sentences imposed after probation revocation. The Florida Bar: Amendment to Rule of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).