479 So.2d 861 (1985)
Kenneth Curtis WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1967.
District Court of Appeal of Florida, Fourth District.
December 18, 1985.
*862 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
A defendant who was placed on community control violated it by committing burglary and the trial court meted out a term of imprisonment one cell beyond the recommended range. He appeals, but we affirm.
The recommended guideline sentence for the defendant was 12 to 30 months incarceration; Rule 3.988(e), Florida Rules of Criminal Procedure. However, pursuant to recommendations of the probation officer and the state, the court went beyond the recommended cell to the next higher cell and imposed a sentence of three years imprisonment.
According to the defense, this increase was improper under Rule 3.701(d)(14), Florida Rules of Criminal Procedure which states:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure. [Emphasis added.]
As the defendant points out, the above wording appears to permit an increase of one cell beyond the guidelines range when probation is revoked but says nothing about such an increase when community control is revoked. However, reading the paragraph as a whole, while we agree the choice of language is poor, we are confident that it must have been intended that revocation of community control be included. It simply makes no sense to be allowed to increase the sentence if probation is revoked but not be allowed to do the same if community control is violated, especially since the latter is a more severe sanction that the former.[1] Therefore, we believe the first sentence of the rule above quoted must be read in pari materia with the second.
The defendant also argues that written reasons were not given for departure as required by Boynton v. State, 473 So.2d 703 (Fla. 4th DCA Mar. 27, 1985), approved, State v. Boynton, 478 So.2d 351 (Fla. 1985). However, we hold that the dictates of Boynton are not applicable here because Rule 3.701(d)(14) specifically authorizes the increase without the necessity of "a reason for departure."
AFFIRMED.
BOARDMAN, EDWARD F., Associate Judge (Retired), concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
I, too, find no error in the trial court's action, but do so on the basis that a violation of community control is a clear and convincing reason to deviate from the guidelines.
NOTES
[1] It should be pointed out that how the defendant came to be under community control was because of a violation of probation!