PER CURIAM.
Defendant appeals a sentence departing from the sentencing guidelines. We affirm.
In 1982 defendant was placed on concurrent terms of five years of probation for one conviction of theft and one conviction of burglary. While living in Ohio within the terms of his Florida probation, defendant committed a burglary for which he received a year in custody in Ohio. The Ohio burglary was also the basis of a charge of violating his Florida probation. Upon revoking his probation, the trial court sentenced defendant to concurrent terms of four years in prison, a sentence which was two cells higher than the sentence recommended by the guidelines.
On appeal the defendant contends that the written reasons given by the trial court for the departure sentence were inadequate to justify departure. We disagree. The reasons given by the trial court adequately show the court’s concern over defendant’s long history of this particular type of crime (burglary) and his failure to rehabilitate himself despite past probation sentences. These types of reasons have been found to justify a departure of more than the one cell authorized by Fla.R. Crim.P. 3.701(d)(14) for a probation revocation. See, e.g., Booker v. State, 482 So.2d 414, (Fla. 2d DCA 1985); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984).
As was stated in Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985), “Where a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit.”
Affirmed.
SCHEB, A.C.J., and LEHAN and FRANK, JJ., concur.