CAMPBELL, Acting Chief Judge.
Appellant, Dwight McCoy, was charged by information with possession and delivery of heroin in violation of section 893.-13(l)(b) and (l)(a)(l), Florida Statutes (1983) and with delivery of cocaine in violation of section 893.13(l)(a)(l), Florida Statutes (1983). Appellant pled nolo contendere to the charges on November 5, 1984.
A sentencing hearing was held on December 7, 1984. The trial court departed from the recommended guideline sentence of “Community Control or 12-30 mos. incarceration” and sentenced appellant to thirty-five years imprisonment.
The issue before this court is whether the trial court had clear and convincing reasons to exceed the sentencing guidelines.
The trial court considered appellant’s extensive criminal history a valid reason for departure. Such consideration was improper since appellant’s prior convictions were taken into consideration in computing the recommended sentence. Hendrix v. State, 475 So.2d 1218 (Fla.1985). A review of the record, however, indicates that the court properly considered appellant’s flagrant disregard of the law and his apparent failure to respond to past rehabilitative efforts. Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985).
When a departure sentence is grounded on both valid and invalid reasons, the sentence should be reversed unless the state shows beyond a reasonable doubt that the absence of invalid reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla.1985). Focusing on Albritton, we cannot determine that the absence of the invalid reason would not have affected the departure sentence. Accordingly, we reverse and remand for resentencing.
SCHOONOVER and LEHAN, JJ., concur.