484 So.2d 100 (1986)
Elton Angus SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. BE-117.
District Court of Appeal of Florida, First District.
March 6, 1986.
Rehearing Denied March 26, 1986.
*101 Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his guidelines sentences on two judgments of conviction of lewd assault upon a child under the age of fourteen years. We reverse and remand for resentencing.
Appellant's sentencing guidelines scoresheet, prepared pursuant to Florida Rule of Criminal Procedure 3.701, showed that, in addition to the two present offenses, appellant had two prior convictions of lewd and lascivious assaults upon children for which he was on parole at the time of commission of the present offenses. The scoresheet resulted in a recommended guidelines sentence of fifteen years for the two present offenses. However, in a departure from the guidelines, the trial judge imposed two consecutive 15-year sentences, to be served consecutively to the anticipated sentence to be imposed in Duval County as a result of appellant's revocation of parole as to the two prior offenses.
In his departure order, the trial judge related that appellant had been convicted of five separate crimes involving child molestation over a period of ten years when, in fact, appellant had been convicted of only four such crimes. The trial judge then set forth the following grounds for departure:
1) Rehabilitation is not a goal of this Court in sentencing in that the defendant by his behavior demonstrates his intent to continue to victimize children.
2) The defendant has been afforded all benefits of the criminal justice system and he has not be [sic] rehabilitated. Now, the goals should be the prolonged protection of society and punishment of the individual for his criminal acts.
Perhaps the above reasons could be classified as clear and convincing grounds for departure, as were similar reasons in Moore v. State, 483 So.2d 37 (Fla. 1st DCA 1986); Shelton v. State, 478 So.2d 433 (Fla. 5th DCA 1985); Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985) and Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985). However, for two reasons, we do not find that the trial judge's grounds for departure, as articulated, were appropriate in this case. First, the trial judge's departure order is partially based upon a mistake in fact that appellant has five convictions when he actually has only four. We cannot determine whether that mistake in fact substantially affected the trial judge's decision to depart. Thus, in light of the ruling in Albritton v. State, 476 So.2d 158 (Fla. 1985), we must reverse and remand for resentencing.
Secondly, the trial judge's main motive for departure appears to be his belief that appellant should be incarcerated for a long period of time for the protection of society since he has demonstrated that he cannot be rehabilitated and will continue to commit proscribed acts. However, the recommended guidelines sentence in this case already provides for a prolonged period of incarceration for this approximately seventy year old appellant who is in poor health. In Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985), this Court rejected a similar reason for departure, stating:
The final reason for departure, that Sabb is a threat to society and there is no reasonable expectation that similar behavior would cease upon his release, is likewise insufficient. The guidelines call for a prison sentence of five and one-half to seven years [the trial judge imposed a 25 year sentence], and thus the trial court's concern about protecting society from any continuing threat could have *102 been assuaged without deviation from the recommended sentence.
Similarly, in the instant case, the trial court's concern over the protection of society from a continuing threat by appellant could be adequately assuaged without deviation from the recommended sentence.
REVERSED and REMANDED for resentencing.
ERVIN, J., and McCORD, GUYTE P. Jr. (Ret.), Associate Judge, concur.