SHIVERS, Judge.
This is an appeal of the trial court’s departure from the sentencing guidelines recommended sentence. We reverse and remand for resentencing.
Appellant/defendant was changed in 1983 with sale of cannabis and sale of cocaine. After entering a plea of guilty to the charges, he was placed on probation for a term of three years. Less than one year later, an affidavit was filed alleging that appellant had violated his probation by selling marijuana and cocaine. After conducting a hearing on the matter, appellant was found to be in violation and his probation was revoked. The sentencing guidelines *27 scoresheet, prepared on the basis of the two 1983 charges, recommended a sentence of any non-state prison sanction. Despite that recommendation, the trial court departed and imposed concurrent five-year sentences for each count. The departure was based solely on the fact that appellant had violated his probation.
Appellant now argues that the trial court erred in using his violation of probation as a reason for departure from the guidelines. We agree. Rule 3.701(d)(14), Fla.R.Crim.P., which became effective on July 1, 1984, provides as follows:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
Prior to the adoption of subsection (d)(14), revocation of probation constituted a clear and convincing reason for departure from the guidelines. Harris v. State, 465 So.2d 545 (Fla. 1st DCA 1985); Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984). Since the rule now provides that a sentence imposed after revocation of probation may be increased to the next higher cell, this court has held that any departure past the next higher cell must be supported by a clear and convincing reason other than solely the violation of probation. Stewart v. State, 480 So.2d 1387, (Fla. 1st DCA 1986); Ludmin v. State, 480 So.2d 1389, (Fla. 1st DCA 1986).
For that reason, the sentence imposed must be reversed and remanded for resentencing. If the trial court determines on remand that this case is an appropriate one for departure beyond the next higher cell recommended by the guidelines, such departure must be supported by clear and convincing reasons other than the fact that a violation of probation occurred.
REVERSED and REMANDED for re-sentencing.
JOANOS and NIMMONS, JJ., concur.