488 So.2d 641 (1986)
Darryl BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1801.
District Court of Appeal of Florida, Second District.
May 14, 1986.
*642 James Marion Moorman, Public Defender, Bartow, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant Darryl Brown challenges his sentence imposed upon a finding that he violated certain conditions of his community control. Specifically, he argues that the trial court erred in departing from the recommended range of the sentencing guidelines without giving clear and convincing reasons. Appellant is correct.
In May 1984 appellant pled guilty to a charge of sexual battery. The court withheld adjudication and placed appellant on two years' community control to be followed by thirteen years of probation. In March 1985 the court modified some of the special conditions of appellant's probation and community control because appellant admitted to using marijuana on several occasions and had not complied with the conditions of a prescribed program of rehabilitation.
Shortly thereafter an affidavit was filed stating that appellant had violated the conditions of his community control by possessing and using marijuana and by failing to successfully complete an alcohol treatment program. Appellant admitted these violations, and following a hearing, the court revoked appellant's community control and probation.
Appellant's guidelines scoresheet reflected a score of 202 points. With an increase of one cell based on the violation of probation, this score corresponded to a recommended sentence of three and one-half to four and one-half years' imprisonment. Fla.R.Crim.P. 3.988(b). The court departed from the guidelines and sentenced appellant to serve ten years in prison, a penalty four cells higher than that recommended by the guidelines. The court's written reasons for departure were as follows:
Violation of probation through continued substance abuse. Def. refuses to adhere to requirements of alternate sentencing program and is remorseful only for the sentence he is receiving.
This timely appeal ensued.
Florida Rule of Criminal Procedure 3.701(d)(11) provides that "departures from the guideline range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence." Where a defendant has violated his probation, it is entirely proper for the trial judge to impose a sentence within the next higher cell of the guidelines without giving additional clear and convincing reasons. Fla.R.Crim.P. 3.701(d)(14). Likewise, this is proper for a violation of community control. Williams v. State, 479 So.2d 861 (Fla. 4th DCA 1985). However, where, as here, the sentence imposed is in excess of the next higher cell, a departure must be supported by a clear and convincing reason other than a single violation of community control. See Carlisle v. State, 485 So.2d 26 (Fla. 1st DCA 1986); Irving v. State, 484 So.2d 78 (Fla. 2d DCA 1986).
We find that the court in the instant case did not provide clear and convincing reasons to support its four cell departure. Although the court noted that the underlying reason for appellant's violation was his "continued substance abuse," this is not sufficiently egregious to justify more than the one cell departure already allowed for the fact of the violation. Compare Dohn v. State, 482 So.2d 564 (Fla. 2d DCA 1986); Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985). Likewise, the appellant's refusal to "adhere to the requirements of alternate sentencing," as it relates to a single violation of community control, is insufficient by itself to justify departure.
Finally, the court's statement that appellant "is remorseful only for the sentence he is receiving" is not a clear and convincing reason for departure. See State v. Mischler, 488 So.2d 523 (Fla. 1986); Gale v. State, 483 So.2d 53 (Fla. 1st *643 DCA 1986); Parker v. State, 481 So.2d 560 (Fla. 5th DCA 1986); Kossow v. State, 468 So.2d 1104 (Fla. 2d DCA 1985).
Accordingly, we vacate appellant's sentence and remand for resentencing within the guidelines.
GRIMES, A.C.J., and SANDERLIN, J., concur.