HALL, Judge.
Charles Cassell appeals his conviction for burglary and grand theft. Appellant raises two points on appeal. We find no merit to the first point on appeal, but agree that the trial court erred in sentencing appellant.
After a jury found appellant guilty of both offenses, the trial judge departed from the presumptive guidelines range of three years and sentenced appellant to five years’ imprisonment on each offense, to run concurrently.
Appellant contends that the reasons used for departure are invalid and do not justify a departure from the recommended guidelines sentence.
Several of the reasons listed are not clear and convincing reasons. However, reasons which relate to appellant’s resistance to rehabilitation may justify a departure. Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985); McCoy v. State, 482 So.2d 566 (Fla. 2d DCA 1986).
In the event an appellate court cannot determine beyond a reasonable doubt that the trial court would have departed regardless of the invalid reasons, the case must be remanded for resentencing. Albritton v. State, 476 So.2d 158 (Fla.1985); State v. Young, 476 So.2d 161 (Fla.1985).
Since the departure is grounded on permissible and impermissible reasons, we reverse appellant’s sentence and remand for resentencing.
We affirm the conviction in all other respects.
RYDER, C.J., and FRANK, J., Concur.