488 So.2d 915 (1986)
Carlos M. FABELO, Appellant,
v.
STATE of Florida, Appellee.
No. 85-166.
District Court of Appeal of Florida, Second District.
May 23, 1986.
*916 J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
This is a sentencing guidelines case. We vacate appellant's sentences because the court departed from the guidelines without stating clear and convincing reasons.
Appellant pled guilty to the charge of accessory after the fact and was placed on probation for five years. Shortly thereafter, he pled guilty to carrying a concealed firearm and received three years' probation to run concurrently with the earlier probation. Later, affidavits were filed charging appellant with violating his probation by delivery and possession of cannabis.
Following a hearing, the trial judge found that appellant was in violation of his probation. The court sentenced him for the substantive crimes of accessory after the fact and carrying a concealed firearm. The charges for possession and delivery of cannabis were subsequently dropped.
Appellant elected to be sentenced under the guidelines. However, at sentencing, the judge said he was not going to follow the recommended guidelines sentence. Instead, he sentenced appellant to serve five years in prison on each count with the terms to run consecutively.
The trial judge entered a written order setting forth his reasons for departure. The order contains an account of appellant's prior record, factors relating to the accessory after the fact charge and the carrying a concealed firearm incident, as well as the circumstances leading up to the charges of delivery and possession of cannabis. Additionally, the order states the following:
This Court hereby exceeds the sentencing guidelines .. . because of the pattern of continuing criminal activity of the defendant, Carlos Fabelo, and to protect the community from Carlos Fabelo. Also, this Court departs from the sentencing guidelines due to the fact that the new crimes occurred while the defendant was on probation. This shows a lack of respect for law and order in society.
Appellant argues that none of the court's expressed reasons are valid grounds for departure. We agree.
Florida Rule of Criminal Procedure 3.701(d)(11) provides that reasons for deviation from the guidelines "shall not include *917 factors relating to prior arrests without conviction" or "factors relating to the instant offenses for which convictions have not been obtained." The facts of the accessory after the fact and carrying a concealed firearm convictions do not demonstrate circumstances beyond those generally associated with perpetration of such crimes. Hence, the court's reasons for departure relating to these facts are invalid.
Under certain egregious circumstances, a trial court may depart from the recommendation of the guidelines based on a finding that a defendant has exhibited an escalating pattern of criminal activity. See Patty v. State, 486 So.2d 16 (Fla. 1986); Dohn v. State, 482 So.2d 564 (Fla. 2d DCA 1986); Keen v. State, 481 So.2d 1274 (Fla. 5th DCA 1986); Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985). However, such a finding must be factually supported in the record. State v. Mischler, 488 So.2d 523 (Fla. 1986); Brown v. State, 483 So.2d 857 (Fla. 5th DCA 1986). We find that the record in the instant case contains insufficient facts to indicate a pattern of criminality.
Also, in accordance with the supreme court's ruling in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), mere recitation of appellant's prior record is insufficient to support a deviation from the guidelines.
As for the court's departure based on a need to "protect the community from Carlos Fabelo," this is clearly invalid and unsupported by the record. See Scott v. State, 484 So.2d 100 (Fla. 1st DCA 1986); Fowler v. State, 482 So.2d 602 (Fla. 5th DCA 1986); Lorenzo v. State, 483 So.2d 790 (Fla. 4th DCA 1986).
Finally, the factors surrounding the new charges of delivery and possession of cannabis are invalid grounds for departure as they relate to offenses for which no convictions were obtained. Fowler v. State; Nunez v. State, 482 So.2d 565 (Fla. 2d DCA 1986). Moreover, we reject the written reason that these new charges occurred while the defendant was on probation, thereby showing a "lack of respect for law and order in society." Fla.R.Crim.P. 3.701(d)(14); see also Tillman v. State, 482 So.2d 603 (Fla. 5th DCA 1986); Clark v. State, 481 So.2d 994 (Fla. 5th DCA 1986).
Since all of the court's reasons for departure are invalid, we vacate appellant's sentences and remand for resentencing within the guidelines. Edwards v. State, 482 So.2d 553 (Fla. 2d DCA 1986). We note that no scoresheet appears in the record on appeal. On remand, the court shall ensure that a proper scoresheet has been prepared so that the court may sentence appellant within the appropriate recommended range.
GRIMES, A.C.J., and SANDERLIN, J., concur.