FRANK, Judge.
Patrick Chiodo, appealing from a sentence imposed after probation violations, maintains that the trial judge erred in sentencing him in excess of the guidelines’ recommended range. We agree, reverse and remand for resentencing.
*160 Chiodo originally pleaded nolo conten-dere to resisting an officer with violence, to related charges of driving while intoxicated and the violation of a driver’s license restriction. Pursuant to the recommendation of the sentencing guidelines the trial court placed him on five years probation. Subsequently, however, Chiodo’s probation officer filed an affidavit of probation violation alleging that Chiodo had been twice convicted of DUI, had resisted arrest without violence, had used intoxicants to excess, and had failed to pay court costs. The court revoked probation and sentenced Chiodo to three years in prison. The score-sheet reflects a recommended range for the original offenses as “any non state prison sanction”; the next higher cell is “community control or 12-30 months incarceration.”
As is reflected in his written departure order, the trial judge was perturbed by the similarity of the offenses Chiodo committed while on probation to the offenses for which he was being sentenced. That reason, however, is not sufficiently clear and convincing to justify a sentence in excess of the recommended range. Although a sentence within the next higher cell is proper upon revocation of probation, Florida Rule of Criminal Procedure 3.701(d)(14), and would have produced a maximum term only six months less than the sentence actually imposed, the trial judge apparently did not consider this alternative.
In our view, the significance of Florida Rule of Criminal Procedure 3.701(d)(14) should not be overlooked; offenses committed while a defendant is on probation can be automatically factored into the guidelines structure with resultant enhancement but without deference to Rule 3.701(d)(11). Thus, use of the probation violations — without additional clear and convincing reasons — to impose a sentence beyond the one cell increase permitted by the guidelines is analogous to the Hendrix prohibition against using prior criminal convictions, without more, to depart from the presumptive sentence. See Hendrix v. State, 475 So.2d 1218 (Fla.1985). Thus, only when the offenses committed on probation are quite egregious will further departure be warranted. See Brown v. State, 488 So.2d 641 (Fla. 2d DCA 1986).
Accordingly, the appellant’s sentence is reversed and this cause is remanded for resentencing.
RYDER, C.J., and HALL, J., concur.