505 So.2d 659 (1987)
Barry DePAUL, a/k/a Barry Perkins, Appellant,
v.
STATE of Florida, Appellee.
No. 86-149.
District Court of Appeal of Florida, Second District.
April 15, 1987.
*660 James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Barry DePaul appeals the sentence imposed upon him following revocation of community control contending that the court erred in departing from the presumptive guidelines sentence. We affirm.
Appellant pled guilty on February 23, 1984, to a charge of burglary and was placed on probation for five years. On October 31, 1984, appellant was charged with violating the terms of his probation, but the court continued him on probation. Again, on June 11, 1985, appellant was charged with violating probation, and the court placed him on two years' community control. A little more than a month later, appellant violated the conditions of his community control. Upon revocation of community control, the trial court departed from the presumptive guidelines sentence of twelve to thirty months' incarceration and sentenced appellant to five years' incarceration. In its written reasons for departure, the trial court stated that, in spite of numerous opportunities, appellant failed to rehabilitate himself while on probation and concluded that "his actions showed a complete disregard for authority and a total unwillingness to accept supervision."
On appeal, appellant concedes that previous violations of probation may be a clear and convincing reason to depart from the sentencing guidelines, Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985); however, he argues that Booker requires a showing that the defendant has demonstrated a pattern of escalating criminal involvement. He claims that since the revocation of his probation and community control were the result of noncriminal acts the trial court had no basis for departure and, therefore, under Florida Rule of Criminal Procedure 3.701(d)(14), only a one-cell increase is permissible following revocation of community control. We disagree.
This court has held that reasons which relate to a defendant's resistance to rehabilitation may justify departure. Cassell v. State, 489 So.2d 752 (Fla. 2d DCA 1986). We have also held that repeated violations of probation alone are sufficient to support a departure sentence. Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985). Since appellant continuously violated probation and community control, we find that the trial court was justified in departing from the guidelines.
Accordingly, we affirm appellant's judgment and sentence.
LEHAN, A.C.J., and HALL and SANDERLIN, JJ., concur.