507 So.2d 686 (1987)
Ronald P. MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-113.
District Court of Appeal of Florida, First District.
May 14, 1987.
*687 Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John M. Koenig, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Ronald Mitchell appeals his sentence. He contends that (1) the trial court erred in sentencing him based on an inaccurate guidelines scoresheet, and (2) the trial court's reasons for departing from the recommended guidelines sentence are invalid.
Appellant was charged in separate informations with burglary of a structure (§§ 810.02(1) & (3), Fla. Stat. (1985), a third degree felony), second degree grand theft (§ 812.014, Fla. Stat. (1985), a third degree felony), and conspiracy to escape (§§ 777.04(4)(c) & 944.40, Fla. Stat. (1985), a third degree felony), based on three separate incidents. He pled guilty to all three charges. The sentencing guidelines scoresheet improperly scored ten points for two prior misdemeanor convictions for theft in the repeat multiplier for category 6 offenses. Appellant's counsel objected to this improper scoring during the sentencing hearing, and the judge stated he was aware of the cases holding such scoring improper. Counsel for the state admitted that the scoring was improper, but no corrected scoresheet was prepared. As originally prepared, the scoresheet recommended two and one-half to three and one-half years' incarceration. Corrected, the scoresheet would have recommended twelve to thirty months' incarceration or community control. The judge departed from the recommended sentence and sentenced appellant to four years in state prison on each charge, to run concurrently.
A scoresheet should accurately reflect the recommended sentence for the defendant. When it does not the trial judge should, when the discrepancy is brought to his attention, correct the scoresheet to reflect the accurate numbers. Although the judge did not correct the scoresheet after being apprised of the improper scoring, this fact alone is not necessarily reversible error because the trial judge knew the correct recommended range. See Stokes v. State, 476 So.2d 313 (Fla. 1st DCA 1985). Since we reverse on other grounds, however, the scoresheet should, on remand, be amended to reflect the correct score.
The judge gave the following five reasons for departure from the guidelines:
1. [The defendant's] History of criminal activities leads the court to the conclusion that the defendant is a non-rehabilitative career criminal.
2. Defendant has exhibited an escalating pattern of criminal conduct.
3. The defendant has prior juvenile convictions which, because of staleness could not be scored, but, nevertheless, indicate his total disrespect for the property of others.
4. The protection of the community necessitates a sentence in excess of that recommended by the guidelines.
5. The sentence herein imposed is necessary to deter others from committing similar acts.
The first reason cited by the trial judge has been upheld in special circumstances where supported by clear and convincing evidence in the record. E.g., Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1986); McCoy v. State, 482 So.2d 566 (Fla. 2d DCA 1986). Here, however, there is no evidence other than appellant's prior record, which was factored into the recommended sentence, and several old unscored *688 juvenile convictions (relied on in reason 3), to support the conclusion that appellant is "a non-rehabilitative career criminal." In calculating the guidelines score, a defendant's prior record, to the extent it is a factor already scored, does not constitute a valid reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). We do not find in this record the special circumstances relied on in Booker and McCoy.
A defendant's escalating pattern of criminal conduct has, where supported by the record, also been upheld as a valid reason for departure. E.g., Chaplin v. State, 488 So.2d 555 (Fla. 1st DCA), review denied, 494 So.2d 1150 (Fla. 1986). Here, however, there is no evidence showing that appellant has engaged in an escalating pattern of conduct. All of appellant's convictions are for third degree felonies. Appellant's juvenile record includes two grand thefts and two burglaries, the same crimes for which appellant is being sentenced here. Because there is no evidence in the record to support the conclusion that appellant's conduct was escalating, the reason is invalid.
The trial judge's third reason for departing from the guidelines is valid. Weems v. State, 469 So.2d 128 (Fla. 1985).
The trial judge's fourth and fifth reasons for departure are invalid. Williams v. State, 492 So.2d 1308 (Fla. 1986), held it improper for a trial judge to base departure on his perception that the recommended sentence under the guidelines is not commensurate with the seriousness of the offense. Likewise, the "protection of the community" is an invalid reason for departure. E.g., Scott v. State, 484 So.2d 100 (Fla. 1st DCA 1986); Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986). The necessity of deterring others from similar acts has also been held invalid as a reason for departure. Smith v. State, 482 So.2d 469 (Fla. 5th DCA 1986); Cason v. State, 481 So.2d 1006 (Fla. 1st DCA 1986).
Thus, of the five reasons given for departure, only one is valid. In most cases, this would merit reversal without further comment. Here, however, the trial judge included the following language in his written reasons for departure:
If one or more of the foregoing reasons for departure are determined, upon appellate review, to be impermissible, it would still be the decision of this court to depart from the guidelines recommended sentence, upon the basis of the remaining permissible reason or reasons, and to impose the same sentence herein announced.
In order to uphold a departure based on both valid and invalid reasons, the reviewing court must find, beyond a reasonable doubt, that the sentencing judge would have departed even if he had not considered the invalid reasons. Casteel v. State, 498 So.2d 1249 (Fla. 1987); Albritton v. State, 476 So.2d 158 (Fla. 1985). The issue presented here is whether the language used by the trial judge establishes beyond a reasonable doubt that he would have imposed the same sentence for any one of the valid reasons stated. We conclude that it does not.
The supreme court rejected an amendment to the guidelines rule which would have allowed the inclusion of similar language on the guidelines scoresheet, stating:
There is too great a temptation to include this phraseology in all departure sentences and we do not believe it appropriate to approve boiler plate language. The trial judge must conscientiously weigh relevant factors in imposing sentences; in most instances an improper inclusion of an erroneous factor affects an objective determination of an appropriate sentence.
The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311, 312 (Fla. 1985). The same policy reasons support a conclusion that similar language used by a trial judge in his written reasons for departure does not provide clear and convincing evidence that he would depart and impose the same sentence based solely on the remaining valid reason for departure. If five valid reasons, rather than only one valid reason, for departure are shown by the record, this fact should, on an objective *689 basis in most cases, affect the extent of departure ordered by the trial court. We conclude that the recited language is not binding on this court's review of the sentence under the sentencing guidelines.
The decision in Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987), does not mandate a contrary conclusion. In that case the trial court convicted the defendant and imposed the maximum sentence possible under the criminal statutes on all of seven felonies charged, which sentence supports an inference that the trial judge intended to incarcerate the defendant for as long as the law permits, regardless of the number of reasons for departure upheld by the appellate court. The trial judge's statement that any one of the six stated reasons would support departure was buttressed by the judge's additional statement of his concern for public safety quoted in the opinion and the supporting evidence in the record. These facts were held sufficient to convince the appellate court beyond a reasonable doubt that the trial court would have imposed the same sentence even though some, but not all, of the reasons for departure were held invalid. Imposition of the maximum sentence on all counts makes that case truly unique, and distinguishes it from the present case, where the trial court imposed less than the maximum penalty provided by the statute. Here, the record does not demonstrate beyond a reasonable doubt that the court should or would impose the same sentence if only one of the five reasons cited were upheld.
In view of the ever-present uncertainty inherent in the application of the sentencing guidelines, however, we certify to the supreme court the following question of great public importance:
DOES THE INCLUSION OF LANGUAGE SUCH AS THAT USED BY THE TRIAL JUDGE IN THIS CASE PROVIDE A CLEAR AND CONVINCING BASIS FOR THE REVIEWING COURT TO FIND, BEYOND A REASONABLE DOUBT, THAT THE TRIAL JUDGE WOULD DEPART AND IMPOSE THE SAME SENTENCE IN THE ABSENCE OF THE IMPROPER REASONS, WHERE THE REVIEWING COURT WOULD NOT MAKE THAT FINDING IN THE ABSENCE OF SUCH LANGUAGE?
REVERSED AND REMANDED.
WENTWORTH, J., concurs.
BOOTH, C.J., concurs in part and dissents in part.
BOOTH, Chief Judge, concurring in part and dissenting in part:
I agree that the cause must be remanded for the preparation of a correct scoresheet even though, as pointed out by appellee, the trial court was aware in fact of the correct presumptive sentence under the guidelines. I respectfully dissent, however, from the majority's reversal of the sentence imposed on the grounds that the reasons given were insufficient for departure. The trial court considered the history of the defendant's criminal activities beginning with juvenile offenses in 1978 with burglary of a business and grand larceny. I do not agree with the majority's construction of "escalating pattern of criminal conduct." That term correctly refers, I believe, to (1) increased frequency of commission of offenses, and (2) the repetitive commission of the same or similar crimes, in this case theft and burglary. Therefore, I would not disturb the sentence imposed in this instance. Concerning the "saving clause" added by the trial court, I believe that statement should be given consideration on appeal, and that this court should view all reasons given for departure as one ground and, disregarding the ineffective reasons, should determine whether the reasons given were sufficiently supported by the record and acceptable to allow affirmance of the conviction.