ZEHMER, Judge,
dissenting in part and concurring in part.
I agree that one of the two reasons for departure is invalid, and to that extent concur with the majority. I dissent, however, from affirmance of the sentence imposed and would reverse and remand for resentencing.
Appellant was convicted of shooting into an occupied vehicle, a felony carrying a maximum sentence of fifteen years. No one was injured. Although the guidelines recommended sentence was 0-12 months, the trial court imprisoned the defendant for ten years — a substantial departure. The invalid reason was as substantial as the valid reason. I find it difficult to conclude, from an objective standpoint, that the extent of the sentence was not based upon the number and significance of each stated reason for departure. I likewise find it unreasonable for this court to assume that the sentence would or should have been the same, that is, over ten times that recommended by the guidelines, despite the fact that half of the stated reasons for departure have been held invalid. For the reasons discussed in Mitchell v. State, 507 So.2d 686 (Fla. 1st DCA 1987), I attribute no persuasive significance to the trial court’s boilerplate statement that “[i]n the event one or more of these reasons of departures [sic] are found to be invalid, the sentence imposed by this Court would have been the same despite the invalid reason(s).” Of course, the departure cannot be based on unstated reasons or other impermissible considerations. Yet I find nothing else in this record which supports the assumption that the invalidity of a departure reason would not affect the length of the sentence. The state, therefore, has not carried its burden under Albritton v. State, 476 So.2d 158 (Fla.1985), of showing beyond a reasonable doubt that the absence of the invalid reason would not have affected the sentence.