PER CURIAM.
Appellant was found guilty of first-degree arson and resisting arrest with violence on March 14,1990. An order of April 9, 1990 set sentencing for May 2, 1990. At. the sentencing hearing, the prosecutor informed the court of additions and corrections to the presentence investigation (PSI) report. On the record the trial court stated that it had before it two guidelines score-sheet, the one appended to the PSI report which it had received on April 3, and one prepared by the prosecutor which it had been handed for the first time at the sentencing hearing. The trial court stated that it would follow the one appended to the PSI report. The state prosecutor made no objection, only asking that she be allowed to put into evidence appellant’s dock *322 et from the DOC indicating all his convictions.
To reach a fully informed sentencing decision, the trial court must have the benefit of an accurately prepared score-sheet. Erickson v. State, 565 So.2d 328, 336 (Fla. 4th DCA 1990). The rationale for requiring the trial court to have the benefit of an accurately prepared scoresheet is that it might have imposed a different sentence with a corrected scoresheet. Id. at 336; Dawson v. State, 532 So.2d 89, 90 (Fla. 4th DCA 1988). The state has the responsibility of providing a properly prepared guidelines scoresheet. Sanders v. State, 560 So.2d 298 (Fla. 1st DCA 1990). Good practice dictates providing the trial court the scoresheet in a timely manner so that the trial court has an opportunity to consider it and resolve any discrepancies, as the sentencing court has the ultimate responsibility of assuring that scoresheets are accurately prepared. When a discrepancy concerning the scoresheet is brought to the sentencing court’s attention, the court should resolve the discrepancy and correct the scoresheet to reflect the accurate numbers. Erickson, 565 So.2d at 336. Although it is entitled to the opportunity to do so with deliberation, it cannot ignore a discrepancy because it was not brought to its attention in advance of the sentencing hearing date.
However, the fact that a trial court does not correct the scoresheet after being apprised of the improper scoring alone is not necessarily reversible error when the trial court knew the correct recommended range. Mitchell v. State, 507 So.2d 686, 687 (Fla. 1st DCA 1987). In Mitchell, although the trial court did not correct a scoresheet with improper scoring, it knew the recommended range and gave written reasons for departure from the guidelines. Id. at 687.
In the instant case, the trial court had both scoresheets in front of it and the recommended ranges differed. Comparing the scoresheet appended to the PSI report to the one submitted by the state shows discrepancies in two areas, scoring for pri- or record and for legal constraint at the time of the offense. The scoresheet which was used reflected a total of 352 points with a sentencing range of seventeen to twenty years. The trial court went one step below to sentence defendant to fifteen years to run concurrent with a violation of probation case that appellant was serving.
Thus, assuming the state’s guideline sheet is accurate, appellee was sentenced outside the guideline range of twenty-seven to forty years on this scoresheet of 503 points, without written reasons for the downward departure, as required for a departure of more than one step. Erickson suggests that the trial court must resolve a discrepancy brought to its attention, and cannot disregard the discrepancy because it was not brought to the trial court’s attention prior to the sentencing hearing and use an inaccurate scoresheet because it was received earlier. Accordingly, we vacate the sentence and remand for resen-tencing pursuant to the correct sentencing guideline scoresheet.
GLICKSTEIN, WARNER and GARRETT, JJ., concur.