SHIVERS, Chief Judge.
This appeal is from a sentencing guidelines departure. We reverse.
Williams is a homeless ex-marine. He was charged with burglary of a conveyance; and he pled no contest in return for a guideline sentence, which was any nonstate prison sanction, community control, or a term of incarceration not in excess of twenty-two months.
At the sentencing hearing Williams told the trial judge that because he is a “street person” without a residence or prospects of a job, he did not feel he could meet the conditions of probation, such as payment of fines and maintenance of a permanent residence and steady job. The trial judge departed from the guidelines and sentenced Williams to five years in prison.
The trial judge entered written reasons for departure, concluding that Williams “requested that he be sentenced to the maximum sentence permitted by law.” Since there is no evidence in the record to support that conclusion, we reverse and remand for sentencing within the guidelines. See section 921.001(5), Florida Statutes (1987); see also, Sellers v. State, 499 So.2d 43 (Fla. 1st DCA 1986).
We also note that a defendant’s “refusal to ‘adhere to the requirements of alternate sentencing’ ... is insufficient by itself to justify departure.” Brown v. State, 488 So.2d 641, 642 (Fla. 2d DCA *1082 1986). Further, a defendant’s lifestyle is an impermissible consideration for departure. Vega v. State, 498 So.2d 1294 (Fla. 5th DCA 1986).
REVERSED and REMANDED.
BOOTH and ALLEN, JJ., concur.