481 So.2d 1274 (1986)
Ricky Everett KEEN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-276.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
*1275 James B. Gibson, Public Defender, James R. Wulchak, Asst. Public Defender, and Kenneth Witts, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence. We affirm because the stated grounds are sufficient to warrant the one-cell-upwards departure. In his reasons for departure the judge said:
1. Though the sentencing guidelines prohibit the consideration of prior juvenile dispositions, except those occurring within three years of the current conviction, this Court is compelled to consider this Defendant's entire criminal history, including all juvenile dispositions, in determining his pattern of conduct leading to the instant offenses.
2. In this regard the Court notes from the Pre-Sentence Investigation report filed herein that:
a. The Defendant by his own admission, as a juvenile was placed on probation in Alachua County for burglary offenses.
b. On December 14, 1981, the Defendant was adjudged guilty of the offense Driving While Intoxicated and sentenced to 60 days in jail or $276.60 fine.
c. On March 16, 1982, the Defendant was adjudged guilty of Resisting Arrest with Violence and sentenced to 51 weeks in the Putnam County Jail.
d. On October 31, 1983, the Defendant was charged with the offenses of Burglary and Grand Theft for which he was referred to the Pre-Trial Intervention program from which he was rejected on March 9, 1984, for failure to appear for appointments. Said charges are presently pending against the Defendant in Levy County.
e. The instant offense occurred on April 22, 1984.
f. On May 14, 1984, the Defendant was adjudged guilty of Driving without a valid License and Failure to Appear for which he was sentenced to 10 days in the Putnam County Jail.
3. The above criminal history of this Defendant evinces to this Court that the Defendant's criminal conduct is escalating, he has had the benefit of probation and county jail and his criminal conduct has been undeterred by pending felony charges. Further, he has failed to demonstrate any respect for the criminal justice system and has demonstrated his insuitability to probationary supervision.
4. It is obvious to this Court that the Defendant is unable to live in a nonstructed [sic] environment without violating the laws of society and that, therefore, the protection of society requires that he be institutionalized by a term of imprisonment far in excess of that provided under the sentencing guidelines. Accordingly, this Court has imposed sentences totaling 30 months on this Defendant.
The trial judge clearly and succinctly stated that he was departing from the guideline recommendation because this appellant has had probation before, was unable or unwilling to abide by its strictures and his conduct is of an escalating criminal nature. These are valid legal reasons for departure. The matters discussed in the sentencing order can be considered, and should be considered a preamble to the valid reasons for departure.
AFFIRMED.
UPCHURCH, J., concurs.
COWART, J., dissents with opinion.
*1276 COWART, Judge, dissenting:
The trial court departed from the recommended guideline sentence as a reaction to the defendant's criminal history, noting that:
a. The Defendant by his own admission, as a juvenile was placed on probation in Alachua County for burglary offenses.
b. On December 14, 1981, the Defendant was adjudged guilty of the offense Driving While Intoxicated and sentenced to 60 days in jail or a $276.60 fine.
c. On March 16, 1982, the Defendant was adjudged guilty of Resisting Arrest with Violence and sentenced to 51 weeks in the Putnam County Jail.
d. On October 31, 1983, the Defendant was charged with the offenses of Burglary and Grand Theft for which he was referred to the Pre-Trial Intervention program from which he was rejected on March 9, 1984, for failure to appear for appointments. Said charges are presently pending against the Defendant in Levy County.
e. The instant offense occurred on April 22, 1984.
f. On May 14, 1984, the Defendant was adjudged guilty of Driving without a valid License and Failure to Appear for which he was sentenced to 10 days in the Putnam County Jail.
Eight of the total of twelve points on defendant's guideline sentencing scoresheet related to his prior record of five misdemeanors including a juvenile disposition. The recommended guideline sentence was any non-state prison sanction. Based on reasons relating to (1) the primary offense being scored (e above), (2) the prior record that had been scored (a, b, c, d and f above), and (3) a prior arrest without conviction (d above) (an improper reason for deviating under 3.701(d)(11)), the trial court departed and imposed a sentence of thirty months incarceration. This departure sentence should be reversed on the authority of Hendrix v. State, 475 So.2d 1218 (Fla. 1985), and Albritton v. State, 476 So.2d 158 (Fla. 1985). In effect, the trial judge reviewed the defendant's prior criminal record and concluded that because of it or its extent or form or content or pattern, the recommended guideline sentence was not sufficient and a departure sentence should be imposed. This is what the sentencing court did, and the Supreme Court disapproved, in Hendrix. This case is legally indistinguishable from the following post-Hendrix/Albritton cases from this court reversing departure sentences based on the defendant's prior criminal record: DeVane v. State, 479 So.2d 137 (Fla. 5th DCA 1985); Cord v. State, 478 So.2d 1191 (Fla. 5th DCA 1985); Hall v. State, 478 So.2d 519 (Fla. 5th DCA 1985); Shelton v. State, 478 So.2d 433 (Fla. 5th DCA 1985); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985); Bentley v. State, 477 So.2d 58 (Fla. 5th DCA 1985); Holt v. State, 477 So.2d 59 (Fla. 5th DCA 1985).