486 So.2d 709 (1986)
Jerome LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1254.
District Court of Appeal of Florida, Fifth District.
April 17, 1986.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
Appellant, Jerome P. Lee, appeals from his sentence of two consecutive five-year terms of imprisonment, a seven-year departure from the guidelines, imposed for the offenses of aggravated assault and resisting arrest with violence. He has presented four issues for review and two of them compel a reversal.
Appellant first contends that the trial court erred in scoring victim injury points for his primary offense of aggravated assault because victim injury is not an element of this offense. Appellant is correct *710 in this argument. See Fla.R.Crim.P. 3.701(d)(7); Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985). However, the state points out that this error is harmless because a correct computation of appellant's recommended guideline sentence would still result in a recommendation of three years' incarceration.
Appellant next contends that the trial court erred in using two score sheets to sentence him. This was clearly error. See Fla.R.Crim.P. 3.701(d)(1). The state contends in its brief that the trial court did not rely on both score sheets and thus the error was harmless. However, the preamble to the trial court's order regarding its reasons for departure demonstrates that the state is incorrect. Specifically, the order states that "[t]he sentencing guidelines score sheet prepared on this Defendant reflects a point total of 127 and 74, with a recommended sentencing range of three years on each." (Emphasis added.) This language indicates that not only did the trial court rely on both score sheets, but also that the court thought that "three years each" was permitted under the guidelines; thus, the use of the score sheets may have affected the court's decision to depart to the maximum of five years each.
Appellant's third argument is that the trial court erred in not verbally expressing his reasons for departure at the time of sentencing. He contends this was error because the committee note to Rule 3.701(d)(11) provides that "Reasons for departure shall be articulated at the time sentence is imposed." (Emphasis added.) This issue has apparently never been decided by the appellate courts, but we believe that the rule was not intended to be applied as appellant suggests. Although appellant may have "been deprived of the opportunity to challenge the reason for departure at his sentencing hearing," and may have been forced "to use a post-conviction motion or an appeal to challenge what may be improper reasons," as contended in his brief, he has not been prejudiced. The primary purpose of the requirement that reasons for departure be articulated is to provide meaningful appellate review. See State v. Jackson, 478 So.2d 1054 (Fla. 1985).
This brings us to appellant's final argument, which is that the trial court departed from the guidelines for reasons that were not clear and convincing. As noted by the state, the trial court's reasons appear to be best summarized as follows: (1) risk to physical safety of both citizens and law enforcement officers during the offense; (2) appellant's criminal history demonstrates that appellant has engaged in ongoing violent criminal conduct; (3) unamenability to previous attempts at rehabilitation or probation; (4) disregard for the laws imposed by society and the criminal justice system. Under Hendrix v. State, 475 So.2d 1218 (Fla. 1985), it appears at a minimum that reasons two[1] and four are invalid. Also, while unamenability to previous attempts at rehabilitation or probation (reason number 3) appears still to be a valid reason for departure, see Keen v. State, 481 So.2d 1274 (Fla. 5th DCA 1986), it is questionable whether risk to physical safety of others (reason number one) remains a valid reason for departure. See Roberson v. State, 483 So.2d 528 (Fla. 5th DCA 1986); see also Parker v. State, 481 So.2d 560 (Fla. 5th DCA 1986) (court states that risk to lives of others "may be appropriate" reason for departure but notes that the record did not clearly support trial judge's findings in that case). But see Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986). In any event, because at least two and possibly three of the four reasons provided by the trial court appear to be invalid, this case must be reversed and remanded for resentencing. See Albritton v. State, 476 So.2d 158 (Fla. 1985). On remand the trial court is instructed to use one score sheet with aggravated assault as appellant's primary *711 offense and no points should be scored for victim injury.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] While an escalating pattern of violent criminal conduct appears still to be a valid reason for departure, see Keen v. State, 481 So.2d 1274 (Fla. 5th DCA 1986); Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985), "ongoing violent criminal conduct" is merely another way of stating that appellant has a bad "prior record," prohibited under Hendrix.