510 So.2d 970 (1987)
Vincent ASHLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1879.
District Court of Appeal of Florida, Fifth District.
July 2, 1987.
Rehearing Denied August 11, 1987.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Vincent Ashley appeals his departure guidelines sentence on the basis that the trial court did not provide clear and convincing reasons for the departure. The trial court's bases for departure can be summarized as follows:
1. The defendant's probationary status at the time of the offense;
2. The defendant's unamenability to rehabilitation;
3. The defendant's habitual offender status;
4. The defendant's prior admission to participation in a first-degree murder, armed robbery, attempted armed robbery and burglary of a dwelling, for which he had been granted immunity;
5. Escalating pattern of criminal conduct;
6. The defendant's behavior in prison;
7. That the defendant poses a threat to society.
*971 Of these seven reasons given for departure, only two are proper: The defendant's unamenability to rehabilitation and his escalating pattern of criminal conduct. See Keys v. State, 500 So.2d 134 (Fla. 1986); Allen v. State, 12 FLW 1055 (Fla. 4th DCA June 17, 1987); McNealy v. State, 502 So.2d 54 (Fla. 2d DCA 1987); Leath v. State, 487 So.2d 384 (Fla. 4th DCA 1986); Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986); Keen v. State, 481 So.2d 1274 (Fla. 5th DCA 1986). Thus, this case is remanded for the trial court to consider whether it would depart from the recommended guidelines sentence regardless of the existence of the invalid reasons. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.