DANAHY, Chief Judge.
The appellant challenges his departure sentences totaling ten years incarceration, based on a scoresheet reflecting a recommended range of community control or twelve to thirty months in state prison. We agree with the appellant that the trial judge failed to state clear and convincing reasons for the departure, and we reverse the sentences.
The appellant pled guilty to one charge of possession of marijuana and one charge of possession of marijuana with intent to sell and deliver. At the sentencing hearing, the trial judge read a portion of the appellant’s presentence investigation report describing the events which occurred and the evidence which was found when police executed a search warrant at the appellant’s residence. The trial judge then announced “I am exceeding the guidelines. I will note the defense objection. He is a threat to society, and society needs protection from him, and I should certainly think that we do.” Thereafter the trial judge entered an “order of aggravating circumstances” summarizing the portion of the PSI read at the hearing and concluding that the court was warranted in exceeding the sentencing guidelines.
A guidelines departure sentence must be based on clear and convincing reasons expressed in writing. State v. Mis-chler, 488 So.2d 523 (Fla.1986). That the defendant poses a threat to society, standing alone, is not a valid reason for departure. Ashley v. State, 510 So.2d 970 (Fla. 5th DCA 1987). The matters recited in the “order of aggravating circumstances” do not support the conclusion that the appellant is any greater a threat to society than other persons guilty of crimes of this nature.
Accordingly, we reverse the sentences imposed on the appellant and remand for sentencing within the sentencing guidelines recommended range.
LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.