PARKER, Judge.
Garcia appeals the trial court’s sentence which is an upward departure from the sentencing guidelines. Garcia was sentenced to fifteen years imprisonment. The recommended guidelines sentence was three to seven years imprisonment. We affirm Garcia’s conviction, but remand for resentencing.
Garcia was indicted for first-degree murder in the shooting death of his former girlfriend. The jury returned a verdict of third-degree murder, listing the underlying felony as an aggravated assault with a firearm.[1]
At the sentencing hearing, the trial court observed the following:
The facts of the case showed that the victim, Lydia Quintero, the former girlfriend of the defendant, had arrived home with a companion at approximately 3:00 a.m. on May 20, 1986. The defendant believed the victim was with her estranged husband, and followed them in his car as the victim and her companion drove to the front of the apartment complex to get away from the defendant. The defendant followed them and when the victim got out of her companion’s car to see what the defendant wanted, the defendant shot and killed her while perpetrating the offense of aggravated assault.
The trial court stated the following reasons as a basis for exceeding the guidelines: (1) The serious nature of appellant’s acts; (2) appellant is a very dangerous individual; (3) appellant is a threat to society; and (4) the protection of the public.
A trial court may not depart upward from a guidelines sentence when the seriousness of the offense has already been factored into the presumptive sentence. Crofton v. State, 491 So.2d 317 (Fla. 1st DCA 1986). Nor can a trial court enhance a guidelines sentence for acts not charged, or for offenses negated by the jury’s verdict. Echevarria v. State, 492 So.2d 1146 *279 (Fla. 3d DCA 1986); Allen v. State, 479 So.2d 257 (Fla. 2d DCA 1985).
The supreme court has held that a defendant’s dangerousness is an improper reason for departure where the allegation of dangerousness is supported solely by the proscribed conduct which subjected the defendant to criminal sanction. Lerma v. State, 497 So.2d 736 (Fla.1986).
This court recently held that the fact that “the defendant poses a threat to society, standing alone, is not a valid reason for departure.” Cotton v. State, 516 So.2d 1077, 1078 (Fla. 2d DCA 1987); see also, Ashley v. State, 510 So.2d 970 (Fla. 5th DCA 1987). The need to protect the community from the defendant has also been invalidated by this court as a basis for departure where, as here, that finding is not supported by the record. Fabelo v. State, 488 So.2d 915 (Fla. 2d DCA 1986). See also, Lorenzo v. State, 483 So.2d 790 (Fla. 4th DCA 1986).
Applying the standards set forth in State v. Mischler, 488 So.2d 523 (Fla.1986), we find the trial court’s departure from the recommended sentence in this case was improper. We, therefore, remand for re-sentencing within the presumptive guidelines sentence in accordance with Shull v. Dugger, 515 So.2d 748 (Fla.1987).
CAMPBELL, A.C.J., and THREADGILL, J., concur.

. Section 782.04(4), Florida Statutes (1985).