531 So.2d 1018 (1988)
Isaac HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-11.
District Court of Appeal of Florida, Second District.
September 30, 1988.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Appellant, Isaac Harris, was convicted of multiple offenses, including sexual assault, armed robbery, and kidnapping. On appeal, he raises only one point. He argues that the court erred in sentencing him to five consecutive ninety-nine year prison terms.
During the sentencing hearing, the trial judge announced his intent to depart from the recommended guidelines sentence of life and gave oral reasons for sentencing Harris to five consecutive ninety-nine year terms. The state questions whether the sentence imposed represents a departure, but we agree with the trial judge that it was indeed a departure. Cf. Daughtry v. State, 521 So.2d 208 (Fla. 2d DCA 1988) (two consecutive life sentences constitute a departure where guidelines recommend life). The trial judge erred, however, when he failed to provide written reasons for departing.
Since the Florida Supreme Court's pronouncement in State v. Jackson, 478 So.2d 1054 (Fla. 1985), it has been clear that reasons for departure from recommended guidelines sentences must be in writing, and oral statements of a trial judge, even when transcribed and made a part of the record, do not suffice. Nevertheless, we continue to experience difficulty in reviewing departures because trial judges sometimes fail to comply with this requirement. Noncompliance is costly in judicial resources and unnecessarily encumbers the criminal justice system. Once again, we direct trial courts and counsel to assure *1019 adherence to this basic requirement. Only recently we observed that it is not the function of the appellate court to divine the reasoning process of the trial judge. See, e.g., Keeton v. State, 525 So.2d 912 (Fla. 2d DCA 1988).
In the instant case, the following dialogue ensued between the trial judge and prosecutor:
THE COURT: I am exceeding the guidelines because while on probation for an armed burglary, he committed the offenses that he has pled to and have been outlined here today, plus his prior record. I want Joe [apparently the court reporter] to type up this transcript of these two witnesses and attach it to that order. If the District Court can tell me that this is not grounds for exceeding the guidelines, the legislature better look at it.
PROSECUTOR: I was going to add I had prepared a sentencing memorandum that is in one of the court files indicating reasons, of course, on probation; also, psychological or emotional trauma is a reason.
THE COURT: Plus these convictions. Do you have his convictions, prior convictions?
PROSECUTOR: Yes, Your Honor. I have the copies of the prior convictions.
THE COURT: Put that in the order, that he is on probation and while on probation does what he has done, copies of the testimony here today attached, his prior record as justification.
He is a threat to society if I have ever seen a threat to society.
Appellant recognizes that the trial judge departed for the reasons he stated orally as well as those listed in a sentencing memorandum furnished by the prosecutor to the judge at the sentencing. In addition to noting the concerns the trial judge expressed orally, the memorandum listed the protection of the public, participation in a crime wave or binge, the timing of a series of crimes, and escalation of violent criminal activity. These reasons are valid if established beyond a reasonable doubt. See State v. Mischler, 488 So.2d 523 (Fla. 1986); Fla.R.Crim.P. 3.701(d)(11). See also State v. Pentaude, 500 So.2d 526 (Fla. 1987) (egregious violation of probation); Mitchell v. State, 521 So.2d 341 (Fla. 2d DCA 1988) (escalating criminal activity); Paschall v. State, 501 So.2d 1370 (Fla. 2d DCA 1987) (crime binge). Although, standing alone, danger to society is an invalid reason for departure, Cotton v. State, 516 So.2d 1077 (Fla. 2d DCA 1987), it may be a valid reason under the circumstances in this case since it is coupled with other facially valid reasons for departure. See Washington v. State, 501 So.2d 133 (Fla. 2d DCA 1987); Fuller v. State, 488 So.2d 594 (Fla. 2d DCA 1986).
Because it is essential that the trial judge explicate his reasons for departure so they can be properly reviewed, we find the trial judge in this case erred when he orally accepted the reasons proposed by counsel in his memorandum and directed that a transcript of the witnesses' testimony accompany the order to support his departure. Thus, the trial judge failed to sufficiently articulate the basis for the reasons he departed and, as noted, failed to comply with the requirement to place these reasons in written form.
Accordingly, we affirm defendant's convictions and remand with directions that the trial judge either resentence the defendant within the range of the recommended sentencing guidelines or set forth in writing clear and convincing reasons for departure. If the trial judge again departs, the court may not enunciate any new reasons for departure. Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
RYDER and PARKER, JJ., concur.