PARKER, Judge.
Isaac Harris appeals his resentencing on eight felonies following the revocation of his probation. We reverse only the sentence on the violation of probation.
This is the second time Harris has appealed his sentences. In an earlier opinion, Harris v. State, 531 So.2d 1018 (Fla. 2d DCA 1988), this court reversed and remanded the case because the trial court failed to articulate appropriate grounds for its departure sentences under the sentencing guidelines, in that it erred in orally accepting the reasons submitted by the state without providing departure reasons in written form. Harris now challenges the new sentences imposed on remand.
We affirm all sentences except Harris’s sentence on the violation of probation for which he received ninety-nine years. Although the trial judge listed valid reasons for departure from the sentencing guidelines on all the sentences, he did not have the benefit of two recent supreme court decisions limiting the sentence for the underlying violation of probation offense. On the violation of probation sentence, the trial court may not depart beyond the one-cell enhancement permitted by the sentencing guidelines. Ree v. State, No. 71,424 (Fla. Nov. 16, 1989) [14 F.L.W. 565]; Lambert v. State, 545 So.2d 838 (Fla.1989). Because the trial judge imposed a sentence of ninety-nine years on Harris for the violation of probation to run consecutive to four other ninety-nine year terms, we must reverse and remand the sentence on the violation of probation. That sentence in effect constituted a guidelines departure from the recommended sentence of life. See Robinson v. State, 520 So.2d 1 (Fla.1988). Based upon Ree and Lambert, therefore, on remand the trial court should impose a life sentence on the violation of probation offense to run concurrently with the other ninety-nine-year consecutive sentences. Appellant is required to be present at the resentencing. See Quarterman v. State, 506 So.2d 50 (Fla. 2d DCA 1987), approved, 527 So.2d 1380 (1988).
Reversed and remanded for resentencing upon the violation of probation sentence. Otherwise affirmed.
FRANK, A.C.J., and ALTENBERND, J., concur.