636 So.2d 67 (1994)
Daniel P. READY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03099.
District Court of Appeal of Florida, Second District.
March 16, 1994.
Rehearing Denied April 21, 1994.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Daniel P. Ready, challenges the judgment and sentence adjudicating him guilty of sexual battery upon a child less than twelve years of age. We reverse.
The state charged appellant with sexual battery by placing his finger in the vagina of a child less than twelve years of age contrary to section 794.011(2), Florida Statutes (1987). The jury found appellant guilty as charged and the trial court sentenced him to life in prison with a minimum mandatory term of twenty-five years. Appellant filed a timely notice of appeal.
In order to prove the crime of sexual battery by digital penetration, the prosecution is required to show penetration, although even the slightest evidence of penetration is sufficient. J.W.C. v. State, 573 So.2d 1064 (Fla. 5th DCA 1991). However, uncorroborated hearsay statements cannot be used as the sole evidence to prove penetration. Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988); Bell v. State, 569 So.2d 1322 (Fla. 1st DCA 1990).
In the instant case, there was sufficient evidence to establish that appellant touched the victim's vagina including the child victim's testimony that appellant touched her vagina. However, the only evidence put forward by the prosecution to prove that appellant penetrated the victim's *68 vagina was the hearsay statement made by the victim to one of the investigating detectives. There was no medical evidence of penetration, nor any other competent corroborative evidence of penetration. We must therefore reverse the conviction of sexual battery by digital penetration. Jaggers; Bell.
We find no merit in any of the other issues raised by appellant. Therefore, since the record indicates that there was sufficient evidence to support a conviction for the lesser included offense of handling and fondling a child under sixteen years of age contrary to section 800.04, Florida Statutes (1987), the trial court upon remand should enter a judgment against the appellant for that lesser included offense and sentence him accordingly.
We, accordingly, reverse the conviction of sexual battery by digital penetration, vacate the life sentence, and remand for proceedings consistent with this opinion.
Reversed and remanded.
SCHOONOVER, A.C.J., and ALTENBERND and BLUE, JJ., concur.