PER CURIAM.
The appellant, Daniel P. Ready, challenges the upward departure sentence for his conviction of handling and fondling a child under sixteen years of age. We reverse.
Appellant was convicted of sexual battery of a child under twelve years of age. He appealed and this court reversed the judgment and vacated the sentence in Ready v. State, 636 So.2d 67 (Fla. 2d DCA 1994). This court directed the trial court to enter a judgment against appellant for the lesser included offense of handling and fondling a child. On remand, the trial court entered a judgment for that offense and imposed an upward departure sentence of fifteen years in prison. Appellant filed a timely notice of appeal.
The trial court gave two reasons for the upward departure, the abuse of the position of familial authority and the need to protect the public including future victims. We agree with appellant’s contention that these two reasons for departure are invalid.
The first departure reason, abuse of familial authority, has been held by the supreme court to be an invalid justification for upward departure in a child molestation case. Wilson v. State, 567 So.2d 425 (Fla.1990). Therefore, according to Wilson the first departure reason is invalid.
The second departure reason given by the court was the protection of the public including future victims. The fact that a defendant poses a threat to society, standing alone, is not a valid reason for departure. Garcia v. State, 521 So.2d 278 (Fla. 2d DCA 1988). In the instant case, since there were no other facially valid reasons for departure, the second reason for departure, protection of the public, is invalid. Garcia v. State, 521 So.2d at 279. See also Harris v. State, 531 So.2d 1018 (Fla. 2d DCA 1988).
*54 Accordingly, since the trial court’s reasons were invalid, they cannot justify the upward departure and the sentence must be reversed. Upon remand, the appellant must be resentenced within the guidelines. Ber-gling v. State, 571 So.2d 12 (Fla. 2d DCA 1990).
Reversed and remanded.
RYDER, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.