NORTHCUTT, Acting Chief Judge.
Thomas Duckett appeals his resentenc-ing for five manslaughter convictions and also challenges the circuit court’s denial of his motion for recusal. Because we conclude that the sentences did not depart from the sentencing guidelines, we do not address the validity of the reasons given in the departure order entered by the circuit court. We affirm without discussion the denial of the motion for recusal.
Duckett’s convictions for the five manslaughter and numerous other offenses stemmed from a 1992 collision between his vehicle and a disabled church bus and a tow truck. Five people who were standing near the bus were killed, and several others were injured. In Duckett’s first appeal, we reduced his five convictions of second-degree murder to five manslaughter convictions and remanded for resen-tencing. See Duckett v. State, 686 So.2d 662 (Fla. 2d DCA 1996). The circuit court had originally sentenced Duckett to five consecutive life sentences for the second-degree murders. Following the reduction of his convictions, his amended scoresheet still produced a permitted guidelines sentence of life imprisonment. The circuit court sentenced Duckett to five consecutive 15-year terms of imprisonment, the statutory maximum, for a total of 75 years. Although the court disagreed with defense counsel’s objection that this was a departure sentence, it indulged tljiat possibility by entering written reasons for departing from the guidelines. We concur with the circuit court’s view that five consecutive fifteen-year sentences do not exceed a guidelines sentence of life.
Duckett contends that his sentences must be treated as departures under our decision in Harris v. State, 556 So.2d 768 (Fla. 2d DCA 1990). In that case, we agreed with the trial court’s view that a sentence of five consecutive 99-year terms departed from the guidelines recommendation of life. But Harris is distinguishable. Whereas the 495-year sentence imposed in that case was beyond the possible life span of any human being, the 75-year sentence imposed here is not.
To be sure, the sentence may exceed Duckett’s individual life expectancy, but that could be true of many other, older defendants who receive far shorter sentences. The sentencing guidelines do not take into account, and are unaffected by, the age of the particular defendant whose sentence is at issue. Indeed, when examining whether a 125-year sentence exceeded the maximum sentence of life under the robbery statute, the supreme court rejected the notion that an individual’s life expectancy should be used to mark the longest term which a particular defendant should serve. “Any sentence, no matter how short, may eventually extend beyond the life of a prisoner.” Alvarez v. State, 358 So.2d 10, 11 (Fla.1978)(footnote omitted).
Affirmed.
GREEN, J„ and QUINCE, PEGGY A., Associate Judge, Concur.