COBB, J.
The defendant contends on appeal that the lower court erred by denying his motion for judgment of acquittal on the charges of attempted sexual battery because the evidence showed improper touching on multiple occasions, but there was no evidence of any intent to penetrate the victim’s vagina. The child victim did not testify to anything more than improper touching. No medical evidence was presented. In a taped interview of the defendant, presented into evidence by the state, he repeatedly denied anything beyond a touching of the victim. The state relies solely on a hand drawing where the defendant colored the tips of his fingers to show *888 that the touching was done with the pads of his fingers, and a reference by the interviewing officer to how far the defendant’s fingers “might have gone inside her.” The defendant contends that the only evidence of intent to penetrate is circumstantial and does not support a finding of guilt to the exclusion of all other inferences. See Rogers v. State, 660 So.2d 237 (Fla.1995); see also Ready v. State, 636 So.2d 67 (Fla. 2d DCA 1994).
We agree with the defendant. Based upon the approach taken by the state in this case, every case of improper touching can be prosecuted as an attempted sexual battery. We reverse and remand for entry of judgment on the appropriate lesser included offenses.
REVERSED AND REMANDED.
PETERSON, J., concurs.
GRIFFIN, J., dissents, with opinion.