PER CURIAM.
James Golden petitions this court for a new appeal pursuant to Florida Rule of Appellate Procedure 9.140®, alleging ineffective assistance of appellate counsel. We find merit to only one of Golden’s claims and write to address that one. Golden alleges that his appellate counsel erred in failing to raise on appeal the trial court’s denial of his motion for judgment of acquittal as to the second count of the information. The trial court granted the motion, in part, reducing the conviction from capital sexual battery to attempted capital sexual battery. After reviewing the record, however, we agree with Golden that the evidence was insufficient as a matter of law to sustain a conviction for attempted capital sexual battery.
We conclude that had Golden’s appellate counsel raised this properly preserved issue on appeal, we would have granted relief. In the interest of judicial economy, however, rather than give Golden a new appeal, we vacate the conviction and sentence for attempted capital sexual battery as to count two of the information. Because there was sufficient evidence to support a conviction for the lesser included offense of a lewd and lascivious act upon a child contrary to section 800.04(1), Florida Statutes (1998), we direct the trial court to enter a conviction for that offense on remand. See Ready v. State, 636 So.2d 67 (Fla. 2d DCA 1994). On remand, the trial court shall also resentence Golden on this count. We deny Golden’s petition in all other respects and do not disturb the convictions or sentences entered on the other counts of the information.
Granted in part; denied in part; and remanded.
BLUE, A.C.J., and FULMER and SALCINES, JJ., Concur.